Thomas C. Chimera, J.
This is an article 78 proceeding seeking an order directing respondent to return a 1966 Dodge sedan bearing vehicle identification number LL4LA6910044, New York State license plate No. 8571KY.
Petitioner was arrested for an alleged violation of section 170.65 of the Penal Law (forgery of a vehicle identification number). The car was turned over to the Police Property Clerk and petitioner was given Voucher No. 521. The charges were thereafter dismissed in Brooklyn Criminal Court.
Respondent refused to return the car to petitioner claiming “ a lack of identity between the vehicle identification number and the hidden number stamped into the vehicle by the manufacturer
Respondent has had possession of this vehicle for more than six months and has failed to come forward with any proof to show that this car is on a stolen car list or belongs to anyone other than the petitioner.
Respondent’s “ defenses ” that an article 78 proceeding is an improper remedy since an adequate remedy at law exists in the nature of replevin and that this application “ does not appear to fall within any of the provisions of Section 7803 of the CPLR *26 defining the sole questions which may be raised within an Article 78 proceeding ”, are wholly without merit. The existence of another remedy is not necessarily a bar to article 78 proceedings.
CPLR 103 (subd. [c]) permits a special proceeding to continue as an action where the court has obtained jurisdiction over the parties. A civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form.
Moreover, the question raised and presented here falls squarely within the provisions of CPLR 7803, at least subdivision 1, which reads as follows: “ The only questions that may be raised in a proceeding under this article are: 1. Whether the body or officer failed to perform a duty enjoined upon it by law.”
McClendon v. Rosetti (460 F. 2d 111) is an authority remarkably in point and is determinative of this matter. Speaking for the court there, Circuit Judge Oakes, among other utterances, had this to say {supra, p. 116): “ Thus we hold § 435-4.0 of the New York City Administrative Code (the section under which the automobile in question is here being held) unconstitutional as applied to persons from whose possession money or property, other than contraband, has been taken or obtained, though such money or property was not related to any criminal proceeding, or, if it was so related, such criminal proceedings had been terminated, or if the money or property had been needed as evidence in á criminal proceeding, it was no longer needed, for that purpose, as violative of the due process clauses of the fifth and fourteenth amendments (to the United States Constitution).” (Emphasis and matter in parentheses supplied).
Respondent has not submitted any argument or evidence sufficient to raise a question as to petitioner’s ownership of the said motor vehicle.
Petitioner has sufficiently identified the vehicle, given the receipt number, produced photostats of the transcript of record from the Criminal Court and submitted the District Attorney’s release,
On the foregoing, the relief sought in the petition is granted, and the respondent is directed to turn over the said motor vehicle to the petitioner.