Harry T. Nusbaum, J.
This action was instituted by the plaintiff to recover a 1965 Plymouth automobile now in the custody of the Police Property Clerk of the City of New York.
The stipulated facts placed upon the record established the following chain of events which gave rise to the cause of action pleaded.
On June 26, 1972, one Joseph Aranofsky, the father of the plaintiff herein, was arrested for the illegal possession of 200 cartons of untaxed cigarettes contained in the automobile which is the subject of this proceeding. Both the contraband cigarettes and the automobile were seized and the automobile is now in the possession of the Police Property Clerk.
The plaintiff, the owner of the automobile, was not present at the time of the arrest of her father and the seizure of the cigarettes and the automobile. She was not named as a defendant, was not charged with any criminal activity, nor is it alleged that *702 she was in anyway involved in, or had any actual knowledge of the criminal use being made of the automobile by her father.
Thera is no denial that Joseph Aranofsy had her permission to use the automobile, but it is denied that the said Joseph Aranofsky had the plaintiff’s permission to use the automobile for unlawful purposes. The case against Joseph Aranofsky is still pending, but the District Attorney of New York County having no need of the automobile as evidence has given the plaintiff a release for same.
The issues presented are: (1) does the taking of the automobile constitute a violation of the Fifth and Fourteenth Amendments as a deprivation of property without due process of law; and (2) under the statutes and case law now in effect is the automobile contraband and subject to forfeiture (despite its owner’s noninvolvement in the alleged crime) pursuant to the provisions of section 477-a of the Tax Law, and subdivision f of section 435-4.0 of the Administrative Code of the City of New York.
The defendant, City of New York, relies on the case of Sochemaro v. Rosetti (6 Misc 2d 23) decided in 1957, in which this court refused to intervene or give any relief to a plaintiff whose automobile had been seized, on the grounds of public policy. Also relied upon are those cases which held that the purpose for which the property is used acts as the criterion for the classification of the property as contraband or noncontraband (Hemmingway & Moser Co. v. Funk, 106 P. 2d 779 [Utah]; Commonwealth of Pa. v. One 1958 Plymouth Sedan, 414 Pa. 540), Thus, seizure and forfeiture were held to be proper even in those cases where the property was owned by an innocent third party (Goldsmith-Grant Co. v. United States, 254 U. S. 505). Historically therefore, the decision made by a learned Judge of this court in Sochemaro v. Rosetti (supra) when rendered, was correct, as the issues of illegal search and seizure were not therein raised or considered applicable to cases involving vehicles subject to forfeiture under the laws of this State.
Since that time revolutionary changes in the law have taken place. The Supreme Court of the United States has held that the question of illegal search and seizure constituting a violation of the Fifth and Fourteenth Amendments was applicable and could be raised in a question involving property, as such property rights were basic civil rights (Lynch v. Household Finance Corp., 405 U. S. 538). In fact, in the case of McClendon v. Rosetti (460 F. 2d 111), decided on April 12, 1972 the United States Court of Appeals found that section 435-4.0 of the New York City Administrative Code was unconstitutional, as it vio *703 lates the rights of persons from whom property has been seized which is not in fact contraband in the sense that drugs or untaxed cigarettes or weapons may be considered contraband.
The seizure of property not belonging to the defendant in the criminal action, without proof that the owner of the property was in fact a party to the criminal act, or knew and sanctioned the use of the property for criminal purposes, cannot be permitted. As the court stated in the McClendon case (supra, p. 116), ‘ ‘ Not unexpectedly, the challenged procedures of the Police Property Clerk, resting as they do on the sections of the Code fixing the burden of proof, have been condemned by some of the state courts as involving ‘ insolence of office,’ Marshall v. Kennedy, 17 Misc 2d 985,988,181 N. Y. S. 2d 413 (Sup. Ct. 1959); as being ‘ shocking, ’ Gonzalez v. Leuci, note 4 supra; and, more moderately, as involving a studied indifference to the rights of the public. ’ Country-Wide Insurance Co. v. Rosetti, N. Y. L. J., July 17, 1970, at 8, col. 6 (Civ. Ct., N.Y. City 1970). We concur.”
It is my belief that the legality of all such seizures and forfeitures has now been laid to rest by the McClendon decision (supra) and the decision of the United States Supreme Court in United States v. United States Coin & Currency (401 U. S. 715). Neither the seizure nor the forfeiture of property not belonging to the accused can be sanctioned, unless proof is adduced that the owner of the property was in particeps criminis with the defendant from whom the property was seized. As the court stated in the United States Coin case (pp. 721-722), ‘ ‘ When the forfeiture statutes are viewed in their entirety, it is manifest that they are intended to impose a penalty only upon those who are significantly involved in a criminal enterprise.”
Judgment is therefore granted to the plaintiff for the relief demanded in the complaint. The Property Clerk of the City of New York is directed to turn over the plaintiff’s automobile, together with the registration documents, to the plaintiff. Any other holding would be an affront to enlightened justice.