Habby T. Nusbaum, J.
This action was instituted to recover the sum of $3,000 from the Police Property Clerk of the City of New York seized in connection with the plaintiff’s arrest on a gambling charge — more specifically, possession of gambling records (policy slips), a violation of section 225.15 of the Penal Law. The plaintiff pleaded guilty to the charge and was fined and paid the sum of $200.
The motion is predicated upon the decision of the United States Court, of Appeals in the ease of McClendon v. Rosetti (460 F. 2d 111) in which the court held section 435-4.0 of the New York City Administrative Code unconstitutional as applied to persons from whom money or property other than contraband has been taken.
Although at first blush it would appear from the holding in the McClendon case that there is indeed no longer any basis *688 for the denial of the motion, a careful reading of the case leads me to a contrary conclusion.
The thrust of the McClendon case is toward those provisions of section 435-4.0 which requires the claimant to “ establish that he has a lawful title or property right in such property or money and lawfully obtained possession thereof and that such property or money was held and used in a lawful manner (Administrative Code of City of New York, § 435-4.0, subd. f). In other words, under the provisions of the section in question it was the plaintiff’s burden to prove that the property in question is not contraband subject to forfeiture.
Thus although the statute was declared unconstitutional precisely because it placed this untoward burden of proof upon the claimant from whom moneys had been .seized, nothing in the McClendon case precludes the city from seizing or confiscating, contraband, i.e., property directly used in the commission of a crime or money or property illegally obtained as a result of a crime or money or property alleged to be the “ fruits of crime”.
The plaintiff may therefore now be able to make out a prima facie case by merely showing the seizure of the money alleged to be his, the final disposition of the criminal charge and the demand and refusal of the Police Property Clerk to the return of the money: However, the city on its part may be in a position to prove .the money in question is indeed contraband as above defined, does not belong to the claimant and is subject to forfeiture. That issue cannot be determined without a trial. The motion for summary judgment is accordingly denied.