Bertram Harnett, J.
This is a motion, deemed by the court an application to renew a prior application by John M. Caggiano, pursuant to OPLR article 78, to annul the determination of the Nassau County Police Department refusing to return $660 seized during his arrest on July 6,1971. By written decision dated June 12,1972, a Justice of this court found this proceeding was not timely commenced and by order dated August 7,1972 dismissed the petition. Because that Justice no longer sits on this court, he is “ unable to hear ’ ’ this motion, and this court will therefore proceed to hear the motion. (CPLR 2221.)
*189 The prior ruling of dismissal was premised upon the view that Mr. Caggiano’s claim accrued as of November 23, 1971, when the criminal proceedings against him were dismissed, more than four months from the beginning of this proceeding on April 18, 1972. It now appears, however, that a demand for return of the money was not made by petitioner’s attorney until January 10,1972. While petitioner’s claimed common-law right to sue for conversion may have accrued on the earlier date, from which a three-year Statute of Limitations applies (CPLR 214; Einhorn v. Einhorn, 20 A D 2d 914) his entitlement to bring a mandamus proceeding to challenge the validity of county, action in refusing his demand for return of his moneys, must necessarily date from the administrative refusal. (Matter of Central School Dist. No. 2 v. New York State Teachers Retirement System, 27 A D 2d 265, affd. 23 N Y 2d 213; Matter of Holz v. Kowal, 27 A D 2d 128.) In an article 78 proceeding, it is the municipal act which is tested for validity. Here the disputed act was the refusal to return on suitable demand.
Nor is petitioner barred by laches here. The county does not deny that the prior order with notice of entry was not served upon petitioner, and therefore his appeal time has not expired. (CPLR 5513, subd. [a].) And, no prejudice to any party has been shown in now reconsidering the previous application. Accordingly, the motion to renew is granted.
The county’s motion to dismiss is more accurately character^ ized as simple opposition to the renewal motion, since the petition has already been dismissed, after service of respondent’s'' answer. In granting renewal, the court implicitly overrules the county’s objection by denying its motion, but since an answer has already been served, the court need not defer further a ruling on the merits, such as is ordinarily required when an article 78 respondent’s motion to dismiss is denied. (See CPLR 7804, subd. [f].)
Since this proceeding was commenced within four months of the county’s indisputably baseless refusal to return the money, CPLR 217 is not a bar and respondent’s third affirmative defense is dismissed.
Further, that petitioner may have alternate remedies of conversion or replevin to secure the return of his money does not pre-empt or preclude his rights under article 78 as a citizen aggrieved by the determination of a county agency. The latter remedy is particularly apt where, as here, there appear no substantial factual issues that might render summary disposition inappropriate. And, the lack of service of any notice of claim *190 under section 50-e of the General Municipal Law is not determinative since no such notice is required before bringing an article 78 proceeding. (See Accredited Demolition Constr. Corp. v. City of Yonkers, 37 A D 2d 708.) Accordingly, respondent’s second affirmative defense is dismissed.
The county’s first affirmative defense asserts the legality of the Police Department’s seizure in the first arrest instance, but, since the later refusal to return, not the initial. seizure, is attacked here, that defense is also dismissed.
With defenses and technical objections eliminated, there appears to be no basis for respondents’ continuing to hold Mr. Caggiano’s funds. There is no denial that the money belongs to him, nor any claim that the county has a continuing right to hold onto it now that all criminal actions arising out of the arrest incident have been dismissed.
But, technicalities aside, the money should be returned as a matter of fundamental fairness and justice.
One of the. basic principles guiding public life in this country is that no governmental body may confiscate a citizen’s property without due process of law. (U. S. Const., 14th Amdt.; N. Y. Const., art. I, § 6; Goldberg v. Kelly, 397 U. S. 254; Dobkin v. Chapman, 21 N Y 2d 490; U. S. Code, tit. 28, § 1343.) Indeed, even when incidental to an arrest, a police seizure of property other than contraband (that is, the obj'ect or instrumentality allegedly used in the criminal activity such as drugs or weapons) is unconstitutional. (McClendon v. Rosetti, 460 F. 2d 111; see Stengel v. Smith, 18 A D 2d 458.) Here, the taking of cash, ’claimed incidental to a numbers running charge, appears not to be contraband, as opposed to the numbers stubs themselves. In any event, even were the initial seizure valid, later, when official prosecution for the claimed criminal activity ceased, by way of the dismissal of charges, then any arguable public right to the money dissipated. (See Aranofsky v. Grupposo, 72 Misc 2d 701; Marshall v. Kennedy, 17 Misc 2d 985, 988.) Under such circumstances, there is little doubt but that petitioner is entitled to compensation for a government taking and reasonably given prior notice of the proposed taking. (Mullane v. Central Hanover Trust Co., 339 U. S. 306; Fifth Ave. Coach Lines v. City of New York, 11 N Y 2d 342.) Moreover, there must be a public purpose to a public taking. (Matter of Engelsher v. Jacobs, 5 N Y 2d 370, cert. den. 360 U. S. 902; Pennoyer v. Neff, 95 U. S. 714.) There appears here no reasonable notice of taking, nor of any relevant public purpose for it.
*191 It therefore appears plain that the refusal of the police to give Mr. Caggiano his money back was arbitrary, unlawful and also illegal.
Accordingly, upon renewal, the order herein dated August 7, 1972 is vacated, the petition is granted, with costs and disbursements of this proceeding, and respondents are directed to return to petitioner his sum of $660, without interest.