Harry Kraf, J.
This is a motion for summary judgment by the plaintiff for the return of $1,200, based on the following facts:
On September 30, 1971, the plaintiff was arrested and taken to a police station. While there, $1,200 in cash belonging to the plaintiff and on his person, found its way into the hands of the defendant. Plaintiff contends that the money was wrongfully taken from him and retained by the police. Defendant maintains that these moneys were offered to a police officer ¿s a bribe.
Subsequent to the arrest, the plaintiff was indicted by a Grand Jury and charged with 10 various crimes. On May 16,1972, the plaintiff pleaded guilty to the crime of criminal possession of stolen property .(an automobile). The plea was accepted in consideration and dismissal of the nine remaining counts.
Thereafter, the plaintiff herein demanded the return of the $1,200 and upon defendant’s refusal to pay, instituted this lawsuit in the nature of a replevin action. The answer of the defendant in addition to pleading a general denial, also alleges “ a separate defense of Section 435-4.0 of the Administrative Code of the City of New .York and reason to believe property may be proceeds of a crime.”
After due consideration, the motion is granted for the following reason: As far as section 435-4.0 of the Administrative Code is concerned, this court wishes to point out that on April 12, 4972 the Second Circuit United States ¡Court of Appeals in the case of McClendon v. Rosetti (460 F. 2d 111, 116, wherein $5,000 in cash and other property were seized) unanimously decided that this statute .was unconstitutional and we quote, in part, from the decision: “ Thus we hold § 435-4.0 of the New York City Administrative Code unconstitutional as applied to persons from whose possession money or property, other than contraband, has been taken or obtained, though such money or property was not related to any criminal proceeding, or, if it was so related, such criminal proceedings had been terminated, or if the money or property had been needed as evidence in a criminal proceeding, it was no longer needed for that purpose, as violative of the due process clauses of the fifth and fourteenth *835 amendments.” There is no need for this court to repeat the rationale of that decision which cited many cases supportive of its conclusion. Suffice it to say that we agree.
The def endant now claims that the McClendon decision upholds its position in this case, in that “ the district attorney emphatically refuses to authorize the release of the money — and justifies said refusal by describing said cash as contraband.”
Contraband is clearly defined by law as property whose simple possession is a crime, for example, counterfeit coin, narcotics, a machine gun, or an unlicensed pistol. (See Carroll v. United States, 267 U. S. 132.) Such contraband is malum per se, and need not be returned once seized by the State. Therefore, the cash seized herein is clearly not malum per se.
However, contraband could be properly derived from unlawful activity as for example, from the “proceeds of a crime.” This is termed derivative contraband.
This court has carefully read the 10-count indictment (three are based on possession of a stolen car, four are based on the making and possession of forged driver’s license and registration, one for resisting arrest, one for bribery and one for possession of burglar’s tools), the defendant’s answer as set forth above, the defendant’s affidavit in opposition to this motion (there is no affidavit from the .District Attorney), and they are completely devoid of any evidentiary facts to prove that the moneys herein were the ‘ ‘ proceeds of a crime ’ ’ as alleged in the defendant’s answer. The court therefore finds that the moneys herein are not contraband.
Since the moneys are not contraband and since the entire indictment has been disposed of by plea, it therefore follows that the District Attorney has no need for and cannot use as evidence, the moneys herein, which therefore must be returned.
Assuming, arguendo, that it had not yet been decided whether or not the property herein was contraband, this court would nevertheless grant the motion for the following reason: subdivision f of section 435-4.0 of the New York 'City Administrative Code is entitled “ Lawful property right to be established ” and the first sentence thereof reads as follows: “ In any action or proceeding against the property clerk for or on account of any property or money in his custody, a claimant from whose possession such property or money was taken or obtained, or any other claimant, shall establish that he has a lawful title or property right in such property or money and lawfully obtained possession thereof and that such property or money was held and used in a lawful manner.” (The second sentence is not pertinent.)
*836 The effect of this statute is to place the burden of proving lawful title to the property withheld, on the claimant. It was also for that reason, that the Second Circuit United States Court of Appeals in its McClendon decision (460 F. 2d 111, supra) held the statute unconstitutional. In its decision it stated (p. 116): “ Not unexpectedly, the challenged procedures of the Police Property Clerk, resting as they do on the sections of the Code ¡fixing the burden of proof, have been condemned by some of the state courts as involving ‘ insolence of office, ’ Marshall v. Kennedy, 17 Misc. 2d 985, 988, 181 N. Y. S. 2d 413 (Sup. Ct. 1959); as being ‘shocking,’ Gonzalez v. Leuci, note 4 supra; and, more moderately, as involving ‘ a studied indifference to the rights of the public.’ Country-Wide Insurance Co. v. Rosetti, N.Y.L.J., July 17, 1970, at 8, col. 6 (Civ. Ct., N. Y. City 1970). We concur. ’ ’ It then remanded the case for the purposes, among others, of ‘ ‘ formulating any necessary injunction relief to avoid further perpetuation of the practices and procedures hereby declared unconstitutional.” (P. 116.)
Pursuant to said mandate and on January 31, 1974, Judge Morris E. Lasker, of the United States District Court, Southern District of New York in a learned decision (McClendon v. Rosetti, 369 F. Supp. 1391, 1394) stated: “Accordingly, we find that the Court of Appeals’ decision requires us to order the defendant to return property to members of the plaintiff class (i. e., those who fall within the categories specified in the last paragraph of the Court’s opinion) upon timely demand of the person from whom the property was seized (or his duly authorized representative) together with a release from the District Attorney, except where the Police Property Clerk or other authorized person within ten days of such demand initiates a lawful forfeiture or other similar proceeding which seeks to justify the State’s continued detention of the property.”
As previously set forth in the case herein, the plaintiff on May 16, 1972 pleaded guilty to one count of the indictment to cover the entire indictment. At that.point, the matter was terminated. Upon demand for the return of the money, the defendant had the choice of either acceding to the request or as set forth by Judge Lasker to (McClendon v. Rosetti, 369 F. Supp. 1391, 1394) “within ten days of such demand initiate a lawful forfeiture or other similar proceeding which seeks to justify the state’s continued detention of the property.” Not having instituted such suit, the defendant is guilty of laches and is estopped *837 from asserting any defense, and thus is barred from doing indirectly what he failed to do directly.
In related eases the Federal courts have recently held that government delay in the institution of forfeiture proceedings is a violation of the Fifth Amendment and they have ordered the return of property thus unjustly withheld. In United States v. Thirty-Seven Photographs (402 U. S. 363 [1971]) the Supreme Court held that the Government could delay no more than 14 days in bringing a forfeiture proceeding against allegedly obscene matter if its action were to withstand constitutional attack. Similarly, in the case of1 Sarkisian v. United States (472 F. 2d 468), and United States v. One 1971 Opel G. T. (360 F. Supp. 639) the courts held that undue delay in instituting forfeiture proceedings denied the owner due process of law.
It is also well to note that just two years ago the State Legislature amended subdivision 4 of section 3388 of the Public Health Law which permits the State to seize automobiles used to transport narcotics, to provide that the appropriate authorities must commence forfeiture proceedings not less, than 10 days instead of 30 days after a person has claimed possession of the vehicle or returned the car.
The court finds that there are no triable issues of fact and accordingly, the defendant’s answer is stricken and plaintiff is granted ¡summary judgment.