G-eobge H. Nicols, J.
In this article 78 proceeding, the petitioner seeks a judgment ordering the District Attorney to annul a release issued to the Police Property Clerk authorizing him to sell petitioner’s automobile and ordering the Property Clerk to annul his sale and .return the vehicle to petitioner.
Petitioner was arrested on September 25, 1972 for a non-automobile-related offense (drugs) and was indicted on November 28,1972. At the time of the arrest, the police .took some cash and a 1965 Chevrolet from petitioner which were turned over to the Property Clerk. This application concerns only the automobile as the cash was returned.
Petitioner was convicted of a misdemeanor in July, 1973, and on September 7, 1973 sentenced to a term not to exceed one year. Soon after the sentencing, petitioner sought the return of his automobile. He retained his present attorney for that purpose a month later, in October, 1973. The attorney proceeded to deal with both respondents continuously for about nine months in an attempt 'to secure a release for the vehicle from the District Attorney 'and to secure the return of the vehicle from the Property Clerk. It is significant that at no time was it claimed by 'the District Attorney that the automobile was contraband or 'that it was needed as evidence. The District Attorney finally issued the release to petitioner in July, 1974. With the release, petitioner’s attorney sought the return of the vehicle from the Police Property Clerk. She was then informed, for the first time, that the automobile had been sold way back in November, 1973. .She was further informed that no attempt had been made to contact the petitioner with respect to the contemplated sale except ¡by letters to petitioner’s prior address in Staten Island, which .were returned to the sender. Petitioner at that time was in jail serving his sentence. The instant proceeding to recover the vehicle was commenced on July 30, 1974.
The Property 'Clerk’s main argument in defense is that, as lawful custodian of the property, the vehicle was disposed of *1057 by >a legal public auction in accordance with the provisions of section 435^4.0 of the 'Administrative Code of the City of New York. It is significant that no subdivision of said ¡section is set forth. i 1
The main thrust of petitioner’s argument is that the sale of the automobile in November, 1973 was in violation of 'the due process clauses of the Fifth and Fourteenth Amendments as enunciated in McClendon v. Rosetti (460 F. 2d 111, on remand 369 F. Supp. 1391).
The court agrees with petitioner. Prior to McClendon, section 435-4.0 of the Administrative Code governed the procedure by which the Property iClerk retained and disposed of property taken from persons at the time of arrest. In effect, he could dispose of property without notice to the arrestee or anyone else.' However, McClendon changed this as being violative of due process. In that case the court ¡stated' (p. 116): “ Thus we hold § 435-4.0 of the New York City Administrative Code [the section under which the automobile in question is here being held] unconstitutional ias applied to persons from whose possession money or property, other than contraband, has been taken or obtained, though such money or property was not related to any criminal proceeding, or, if it was so related, such criminal proceedings had been terminated, or if the money or property had been needed as evidence in a criminal proceeding, it was no longer needed for that purpose, as violative of the due process clauses of the fifth and fourteenth amendments [to the United States Constitution].”
Indisputably, petitioner’s automobile is not contraband and had it been in the Property Clerk’s possession when petitioner finally ¡obtained the release, petitioner would have been entitled to its immediate return. The ¡sale in November, 1973 was clearly a violation of the law enunciated in McClendon and a violation of due process. Even when the Property Clerk may properly dispose of vouohered property, such disposal must meet constitutional due process requirements, which includes meaningful notice of the disposal or sale of such property. The notice must be ‘ ‘ reasonably calculated, under all ¡the circumstances, to apprise interested parties * * * an opportunity to present their objections ” (see Mullane v. Central Hanover Trust Co., 339 U. S. 306, 314; Dobkin v. Chapman, 21 N Y 2d 490, 503).
Ooncededly, no attempt was made by the Property Clerk to notify petitioner, who was in jail, of the impending sale of his automobile despite the fact that the Clerk’s custody arose out of petitioner’s arrest. Under these circumstances, letters to the *1058 last known address of petitioner in Staten Island, which were returned ito the sender, cannot be deemed “ meaningful notice ” within the concept ¡of constitutional “ due process.”
Nor can petitioner be accused of laches since he did everything in his power to regain the vehicle within time limitations and well within the 90-day period after disposition of the criminal proceeding on September 7, 1973 (McClendon, 460 F. 2d 111, supra).
Nor is there any merit to the defense that an article 78 proceeding is not the proper remedy. Under CPLR 103, ia special proceeding may continue as an action where the court has obtained jurisdiction over the parties (Matter of Abdurrahman v. Grupposo, 72 Misc 2d 25; Matter of Caggiano v. Frank, 78 Misc 2d 187, affd. 44 A D 2d 828). Moreover, the court finds the contention of the Property Clerk that the vehicle was sold for storage charges to be without merit in law or fact.
Accordingly, since it appears that the automobile cannot be returned, judgment is .rendered in favor of the petitioner and against the Property iClerk for the fair market value of the vehicle at .the time of the seizure in September, 1972, plus interest, costs and disbursements. The value shall ibe determined at a hearing .before the court at a date to be fixed in the order to be entered hereon, unless the parties stipulate thereto.
The petition is dismissed as. against the District Attorney. He may not, as a matter of law, determine who is the rightful owner of property taken from an arrested person. The release simply advises the Property Clerk that certain property will not be required in the prosecution of a criminal case and no liability attaches thereafter. The manner of disposition of the property then reists with the Property Clerk.