JOHN BOYLE, Individually and as Administrator of the Estate of DONALD J. BOYLE, Deceased, Respondent, v EUGENE R. KELLEY, as Police Commissioner of Suffolk County, Appellant.

Second Department, July 12, 1976

*Howard E. Pachman, County Attorney (Henry G. Wenzel, III,* of counsel), for appellant.

*Benedict P. Vuturo* for respondent.

SHAPIRO, J. In an action to recover moneys allegedly wrongfully retained by the defendant Police Commissioner, the appeal is by the defendant from an order of the Supreme Court, Suffolk County, which struck the answer of the defendant, denied the defendant's cross motion to dismiss the complaint and granted the plaintiff judgment in the sum of $14,960.35, with interest. We affirm.

### THE QUESTION

Is a claim for moneys retained by the Suffolk County Police Department, after the dismissal of the criminal action in which it was seized, subject to the 90-day notice of claim

requirement of subdivision 1 of section 50-e of the General Municipal Law and section 52 of the County Law?

### THE FACTS

In December, 1973 the plaintiff's decedent, Donald J. Boyle, was arrested and charged with the crimes of promoting gambling in the second degree (Penal Law, § 225.05) and possession of gambling records in the second degree (Penal Law, § 225.15, subd 1). Those charges were the outgrowth of the service on the decedent of a search warrant which authorized a search of Boyle's Bar and Grill, Frank Boyle and of any other persons present in the bar and the apartment above the bar. As a result of the execution of the warrant, currency in the amount of $14,960.35 was taken from the apartment of Donald J. Boyle. In February, 1974 he made a motion to vacate the search warrant, to suppress the evidence and for the return of the property seized during the search. On June 3, 1974 the District Court of Suffolk County found the search warrant constitutionally defective, invalidated the warrant and granted the motion for suppression of the evidence seized under it. However, citing CPL 710.70 (subd 1), the court denied the motion for an order directing the return of the seized property since it was not established whether such property constituted the fruits of a crime. Thereafter, the District Attorney moved in the District Court for a dismissal of the charges against Boyle. The latter died after the motion was made. The stated grounds for the motion were that since the evidence had been suppressed as to the decedent, the People would not be able to present a prima facie case as to him.

On August 30, 1974 an order was sought directing the Suffolk County Police Commissioner to return the seized money, but when the motion was opposed by the County Attorney, it was withdrawn on October 23, 1974, pending the appointment of an administrator of the estate of Donald J. Boyle. On July 30, 1975 the plaintiff was appointed such administrator. By a complaint dated September 23, 1975 the administrator commenced this action demanding the return of the $14,960.35 seized from the decedent. The defendant's answer admitted all the allegations of the complaint, denying only (1) that the detention of the money seized was wrongful and (2) that Francis Boyle, who had been named in the search warrant and who had been arrested at the same time as

decedent, had pleaded guilty to harassment "which is a violation and completely unrelated to the charges of gambling."

### THE DECISION OF SPECIAL TERM

The plaintiff moved for summary judgment on the ground that there was no defense to the cause of action alleged in the complaint and the defendant cross-moved for an order dismissing the complaint for failure to state a cause of action. The Special Term granted summary judgment to the plaintiff, citing CPL 710.70 (subd 1) as authority for his conclusion that "since it has now been established that the property taken does not constitute the fruits of a crime, the property should be returned to plaintiff."

### THE LAW

CPL 710.70 (subd 1), upon which the Special Term predicated its decision for the plaintiff, uses mandatory language only with respect to the exclusion of evidence which is the subject of a suppression order. The first sentence states: "Upon granting a motion to suppress evidence, the court *must* order that the evidence in question be excluded in the criminal action pending against the defendant" (emphasis supplied). The provision governing the restoration of such property to the defendant is merely permissive, providing: "When the order is based upon the ground specified in subdivision one of section 710.20 and excludes tangible property unlawfully taken from the defendant's possession, and when such property is not otherwise subject to lawful retention, the court *may,* upon request of the defendant, further order that such property be restored to him" (emphasis supplied).

In *People v Skipwith* (22 AD2d 960) this court modified an order which directed that a certain sum of money, taken from the defendant by the police upon a search of his residence pursuant to a search warrant, be delivered to the County Treasurer for deposit in the General Fund of Orange County, without prejudice to an application under section 813-c of the Code of Criminal Procedure (the predecessor of CPL 710.70), by striking out the latter provision, saying: "Since no criminal prosecution is now pending, an application under section 813-c of the Code of Criminal Procedure would not be an appropriate remedy." (See, also, *People v Spencer,* 64 Misc 2d 1013; *Matter of Pinta v Delagi,* 36 Misc 2d 386.) Hence, though we

affirm, we do not rest it on CPL 710.70 (subd 1), as did the Special Term.

The defendant's appeal is predicated on the ground that the plaintiff's complaint failed to allege that the notice of claim prescribed by section 50-e of the General Municipal Law had been served upon it. The fact of nonservice is admitted, the plaintiff contending that service of such a notice is not required in this type of case.

In support of its contention that such a notice is a prerequisite to the maintenance of this action, the defendant relies on *Kamienska v Gagliardi* (NYLJ, June 4, 1958, p 16, col 5). There the question arose in connection with a motion by one of several plaintiffs to strike the answer and for summary judgment. The complaint, drawn as one in an action for conversion, alleged that the District Attorney and Sheriff had wrongfully taken and, with the Commissioner of Finance, were wrongfully withholding from the plaintiff currency in the sum of $5,000 and a red ruby ring. The money and ring were taken from the moving plaintiff by the District Attorney in a gambling raid. The complaint was dismissed by HOPKINS, J., then a County Judge, on the ground that the plaintiffs had failed to allege compliance with the condition precedent of service of a notice of claim pursuant to section 52 of the County Law and section 50-e of the General Municipal Law. Thereafter, the plaintiffs served a notice of claim on the County of Westchester. When their notice of claim was ignored, they followed it with service of a summons and complaint for conversion. The moving plaintiff and others were subsequently indicted for conspiracy to violate the gambling laws. They were tried and, at the close of the evidence, the indictment against the moving plaintiff was dismissed. Citing Judge HOPKINS' earlier ruling, the court, in *Kamienska v County of Westchester* (39 Misc 2d 750), dismissed the complaint as to the moving plaintiff on the ground that he had failed to serve a timely notice under section 52 of the County Law and section 50-e of the General Municipal Law after his right to demand the return of possession had matured on May 25, 1960. The court noted (p 755) that on that date the moving plaintiff "was presumptively entitled to demand the return of possession, and upon a demand for its return and refusal thereof, his cause of action in conversion for wrongfully withholding such property would have matured. The basis of his claim and cause of action thereon being the tortious act of

the defendants * * * his remedy * * * was within section 50-e of the General Municipal Law, which requires, as a condition to bringing an action in tort against the county, the service of a notice of claim upon it within 90 days after the cause of action accrues".

*Kamienska* may be distinguished from our case on the ground that there the complaint sounded in tort. It was a conversion action. Here, however, the complaint may be viewed as one for money had and received or for unjust enrichment, since it simply alleges that the detention of the moneys by the defendant Police Commissioner is wrongful in view of the dismissal of the charges against the plaintiff's decedent (cf. *Pink v Title Guar. & Trust Co.,* 274 NY 167, 173). Here, as in *Accredited Demolition Constr. Corp. v City of Yonkers* (37 AD2d 708, 709), the "plaintiff's cause of action is equitable in nature" and, as this court there said: "It is well settled that where an action is grounded upon equitable principles there need be no compliance with section 50-e of the General Municipal Law *(Fontana v Town of Hempstead,* 18 AD2d 1084; *Lyon v City of Binghamton,* 256 App Div 397)."

But even if the fact that *Kamienska* was an action in conversion were not sufficient to distinguish it from the instant case, we would refuse to follow it. As we said in *Matter of Caggiano v Frank* (44 AD2d 828), which involved a claim for the return by the Police Commissioner of Nassau County of the sum of $660 seized from the petitioner in connection with an arrest for gambling: "Even assuming that petitioner's money was legally seized by the police upon his arrest, the subsequent dismissal of the criminal charges raised a duty upon the authorities to return the money upon petitioner's demand." We there cited with approval *McClendon v Rosetti* (460 F2d 111 [CA 2d, 1972]), in which the United States Court of Appeals dealt with a group of similar claims for the return by the police of personal property other than contraband seized by the police in connection with criminal arrests and not returned after the criminal matters had been resolved, even though the seized property was no longer needed as evidence and any criminal conviction which resulted was for a crime unrelated to the property. The court said in *McClendon* (p 115): "It seems plain enough that absent evidence of unlawful conduct, criminal sanctions may not be imposed, Taylor v. Louisiana, 370 U.S. 154, 82 S.Ct. 1188, 8 L.Ed.2d 395 (1962); Thompson v. Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d

654 (1960), nor property forfeited, United States v. One 1936 Model Ford etc. Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249 (1939)".

The defendant, in his brief, makes no claim of a substantive right to justify retention of the money taken from the decedent. Instead, he rests his claim to retain the decedent's money on the technical ground that the complaint fails to allege the service of a notice of claim prior to the institution of this action, but the applicability of section 50-e to the claim is assumed, not established. We hold that section 50-e is inapplicable to such a claim and that a fair sense of justice demands that the defendant not be permitted to withhold money which does not belong to him and which rightfully belongs to the plaintiff.* In *Matter of Caggiano v Frank* (78 Misc 2d 187, 190) the court cogently stated the rule that should be here applied when it said:

"But, technicalities aside, the money should be returned as a matter of fundamental fairness and justice.

"One of the basic principles guiding public life in this country is that no governmental body may confiscate a citizen's property without due process of law. (U. S. Const., 14th Amdt.; N. Y. Const., art. I, § 6; *Goldberg v Kelly,* 397 U. S. 254; *Dobkin v Chapman,* 21 N Y 2d 490; U. S. Code, tit. 28, § 1343.) Indeed, even when incidental to an arrest, a police seizure of property other than contraband (that is, the object or instrumentality allegedly used in the criminal activity such as drugs or weapons) is unconstitutional. *(McClendon v. Ro-*

---

* In *Pink v. Title Guar. & Trust Co.* (274 N. Y. 167, 173, *supra)* the court said: "We must look solely to the allegations of the complaint to determine the character of the action and it is the substance of the cause of action contained in those allegations, not the form of action, that determines the right of setoff. *(Village of Charlotte v. Keon,* 207 N. Y. 346.)* The nature of the action or the remedy available does not depend upon any standardized legal nomenclature. To say that the action is 'on contract' does not make it so. There is no allegation in the complaint that indicates that defendant promised or intended to return the money. In the absence of such an agreement or intention, it is the obligation of defendant which plaintiff asserts and which the law creates to return the money which it procured 'under such circumstances that in equity and good conscience [it] ought not to retain it, and which *ex aequo et bono* belongs to another. Duty, and not a promise or agreement or intention of the person sought to be charged, defines it.' *(Miller v. Schloss,* 218 N. Y. 400, 407.)* As said by this court in that case, that duty rests 'upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another.' Independent of any statute, form of action or legal nomenclature, the obligation to do justice rests upon all persons, natural or artificial, and the law will compel restitution from a person who obtains money or property from another fraudulently, unjustly, or without authority."

*setti,* 460 F. 2d 111; see *Stengel v. Smith,* 18 A D 2d 458.) Here, the taking of cash, claimed incidental to a numbers running charge, appears not to be contraband, as opposed to the numbers stubs themselves. In any event, even were the initial seizure valid, later, when official prosecution for the claimed criminal activity ceased, by way of the dismissal of charges, then any arguable public right to the money dissipated. (See *Aranofsky v. Grupposo,* 72 Misc 2d 701; *Marshall v. Kennedy,* 17 Misc 2d 985, 988.) Under such circumstances, there is little doubt but that petitioner is entitled to compensation for a government taking".

The order appealed from should be affirmed.

LATHAM, Acting P. J., MARGETT, DAMIANI and RABIN, JJ., concur.

Order of the Supreme Court, Suffolk County, entered January 22, 1976, affirmed, without costs or disbursements.