■ CLEVELAND CLAY et al., Appellants, v JOHN McCABE, as Property Clerk of the Police Department of the City of New York, Respondent.— Judgment, Supreme Court, New York County, entered March 2, 1976, dismissing the complaint, is unanimously reversed, on the law, without costs and without disbursements, and judgment is directed in favor of plaintiffs to recover the sum of $25,871 taken from them by the police and turned over to the defendant, the Property Clerk of the Police Department of the City of New York. Plaintiffs were arrested for possession of narcotics. They were indicted in connection with that and were also indicted for the crimes of bribery and obstructing governmental administration. In satisfaction of all charges, they were permitted to plead guilty to a class A misdemeanor of obstructing governmental administration. (Penal Law, § 195.05.) They were fined $1,000 each. At the time of their arrest, they had in their possession the sum of $25,871 in cash which the police took from them and turned over to the property clerk. On the property clerk's refusal to return the money to them, plaintiffs brought this action for replevin. Defendant concedes that under *McClendon v Rosetti* (460 F2d 111), the burden of proof was on the defendant, the property clerk, to demonstrate that the money was contraband and specifically that it was an instrumentality of crime—that the money in question was in fact used in the attempted bribery of a police lieutenant. The only proof on this subject, however, was the proceedings on the plea. On that plea, defendants there, plaintiffs here, did not plead guilty to bribery or admit bribery. They did admit that they attempted to prevent a police lieutenant from performing an official function, to wit, the processing of their arrest "by means of an independently unlawful act." Nobody ever specified what the independently unlawful act was. The Trial Judge inferred that the independently unlawful act was an effort to bribe the police lieutenant with this $25,871. We see no evidence that justifies that inference. As defendant has the burden of proof that this money was contraband, defendant must fail. As it does not appear that this money earned interest in the hands of the property clerk, we do not award interest. Concur—Lupiano, J. P., Birns, Silverman and Capozzoli, JJ.