OPINION OF THE COURT
Margaret Taylor, J.
This is a motion for summary judgment by the plaintiff in a replevin action to recover $4,015.06 in cash held by the property clerk of the Police Department of the City of New York.
On August 26, 1977 plaintiff sponsored a "Las Vegas Nite” at the Knights of Columbus Hall in Brooklyn, New York. On that night a police sergeant entered the hall and observed poker, blackjack, dice and "over and under” games. Based upon these observations, a search warrant was issued on September 2. 1977 authorizing a search of the Knights of Columbus building and the seizure of gaming tables, money, chips, cards, slot machines and any and all gambling records. On that date six police officers again observed various games of chance being played and the officers themselves placed bets of $220. Based upon their observations that night, the search warrant was executed and two slot machines, various gambling devices and $8,321 in cash were seized. Twenty-six persons were arrested. Joseph Vitale, president of the plain *416 tiff, who was present at the time of the arrests, identified himself but the police did not arrest him.
On September 30, 1977 four of the arrested persons pleaded guilty to gambling charges and were sentenced to unconditional discharges. The remaining 22 cases were adjourned in contemplation of dismissal and were thereafter dismissed.
Of the total of $8,321 seized, money taken from the persons of those arrested was returned. The remaining money, which is the subject matter of this action, was money removed from the cashier’s cage, the dice table, the blackjack table, the poker table, and the slot machines.
A hearing involving the funds in question was held in the Criminal Court of Kings County on November 17, 1977 before Judge Ruth Moskowitz. Attorneys representing the Kings County District Attorney’s office, the City of New York, and the property clerk were present at the proceeding. Plaintiff was present and represented by counsel.
The issue with respect to the return of the property was raised, and the court ruled that the procedure as outlined by Judge Lasker in McClendon v Rosetti (369 F Supp 1391, 460 F2d 111) controlled. Furthermore, Judge Moskowitz found that the property, which is the subject matter of this action, was not contraband. This finding was not contested by any of the parties. The Assistant District Attorney then stated on the record that his office was not in need of the property as evidence and that a written release would immediately be forwarded to the property clerk. That release was executed that same day. Judge Moskowitz then found that the plaintiff in this action had made a demand in compliance with Mc-Clendon on two previous occasions. In addition, it is undisputed that plaintiff, through its attorney, made another demand (oral) on the property clerk for release of money to plaintiff on November 18, 1977, the day after the District Attorney issued a release of the property.
Although presented with the District Attorney’s release and a demand by plaintiff, the property clerk’s office refused to return the funds to plaintiff, nor did it institute a forfeiture proceeding challenging plaintiff’s claim of rightful ownership. Consequently, this replevin action was instituted by the service of a summons and complaint on defendants on December 6, 1977. On February 2, 1978 without an extension of its time to appear, answer or move either from the court or the *417 plaintiff, the defendants appeared and served an answer containing various defenses and a counterclaim.
Defendants, through their answer and opposing papers on this motion, appear to contend that plaintiff is not entitled to summary judgment for the following reasons: (1) plaintiff has not established that it was the "owner” of the money; (2) the money may be confiscated because it was used in furtherance of a crime or was the proceeds of a crime; (3) plaintiff had to make a written rather than an oral demand upon the property clerk; and (4) the plaintiff failed to comply with section 50-e of the General Municipal Law in that it did not file a notice of claim within 90 days.
Once the criminal proceedings relating to the money in question were terminated or adjourned in contemplation of dismissal and the Assistant District Attorney’s release verified that the money was no longer needed as evidence, its retention by defendants after due demand for its return constituted an illegal act and an unconstitutional deprivation of property without due process. (Accord, e.g., Clay v McCabe, 56 AD2d 747; Boyle v Kelley, 53 AD2d 457; Matter of Caggiano v Frank, 78 Misc 2d 187; Matter of Abdurrahman, 72 Misc 2d 25; see McClendon v Rosetti, 369 F Supp 1391, enforcing 460 F2d 111, supra.) Except for contraband, property forfeited by court order or abandoned property, the police property clerk can claim no legal interest in money or property taken from an arrested person or obtained as evidence in a criminal proceeding once the related criminal proceeding has been terminated, or the property is no longer needed as evidence.[1] (Clay, supra; Boyle, supra; Caggiano, supra; Abdurrahman, supra.) Contraband is defined as: "property, the mere possession of which, without more, is a crime under the laws of The State of New York or The United States. Contraband shall not include property or money * * *, which may be suspected or believed to be unlawfully obtained or stolen or the proceeds of a crime or instrumentality of crime.” (Emphasis added; Mc-Clendon, No. 70 Civ 3851 MEL, SONY; July 15, 1974, order setting forth procedure for return of property or money held; Sullivan v Grupposo, 77 Misc 2d 833.) There can be no dispute that noncounterfeit currency is not contraband. (Clay, 56 AD2d 747, supra; Boyle, 53 AD2d 457, supra; Matter of Hill v *418 Gold, 79 Misc 2d 1055; Matter of Caggiano, 78 Misc 2d 187, supra; cf. Yedvobnick v Grupposo, 73 Misc 2d 687.)
Once a criminal proceeding is terminated or the noncounterfeit money (i.e., noncontraband money) seized in connection with such proceeding is no longer needed as evidence, all such money held by the property clerk must be returned on demand to a person (or entity) claiming ownership of it because there can be no claim of public right in such funds. (See, e.g., Boyle, supra; Sullivan, supra; Caggiano, supra.) This affirmative duty has been clearly imposed upon the defendants.
It is also clear that defendants may not constitutionally impose upon a claimant the burden of proving rightful ownership of property or money held by the property clerk. Clay, supra; Sullivan, supra; Abdurrahman, supra; see McClendon, 369 F Supp 1391, enforcing 460 F2d 111, supra.) Rather, the only course by which defendants can raise a dispute as to plaintiffs claim of ownership or assert that the money is the proceeds of or was used in furtherance of a crime is by promptly instituting a forfeiture or other similar judicial proceeding. (Sullivan, supra; see McClendon, supra; cf., e.g., Clay, supra; Boyle, supra; Hill, supra, citing with approval McClendon and the procedures set forth therein.)
In setting forth the procedure that should be followed by the property clerk to effect the lawful and orderly return of property or money held, courts have relied heavily upon McClendon. (See, e.g., Clay, supra; Boyle, supra; Hill, supra; Sullivan, supra.) In McClendon (460 F2d 111, 116, supra) the Second Circuit Court of Appeals held: "§ 435-4.0 of the New York City Administrative Code unconstitutional as applied to persons from whose possession money or property, other than contraband, has been taken or obtained, though such money or property was not related to any criminal proceeding, or, if it was so related, such criminal proceedings had been terminated, or if the money or property had been needed as evidence in a criminal proceeding, it was no longer needed for that purpose, as violative of the due process clauses of the fifth and fourteenth amendments.” Subsequently, District Court Judge Morris Lasker set forth the procedure that the property clerk must follow: "Accordingly, we find that the Court of Appeals’ decision requires us to order the defendant to return property to members of the plaintiff class (i.e., those who fall within the categories specified in the last paragraph of the Court’s opinion) upon timely demand of the person from *419 whom the property was seized (or his duly authorized representative) together with a release from the District Attorney, except where the Police Property Clerk or other authorized person within ten days of such demand initiates a lawful forfeiture or other similar proceeding which seeks to justify the State’s continued detention of the property.” (McClendon v Rosetti, 369 F Supp 1391, 1394, supra.) Five of the plaintiffs in that case had property taken from them at the time of arrest and the property of two others was seized at the time of arrest of a family member. Apparently, defendants here now claim they are not required to utilize the McClendon procedure because it is solely applicable to a class of individuals consisting of arrested persons whose money or property was taken from their persons at the time of their arrest.
We cannot agree.[2] Our State courts went far beyond the factual parameters of McClendon in holding that as to all noncounterfeit money or noncontraband property, no matter how obtained, the property clerk has a constitutionally mandated duty to return such money or property upon timely demand or, in the alternative, institute a forfeiture or other similar judicial proceeding. (Sullivan, 77 Misc 2d 833, supra; see, e.g., Clay, 56 AD2d 747, supra; Boyle, 53 AD2d 457, supra; Hill, 79 Misc 2d 1055, supra.) Thus, the McClendon procedure is applicable to the facts in this case.
The procedures outlined in McClendon and made applicable here require:
(1) That the District Attorney’s office issue a release indicating that the property is no longer needed in evidence. This has been done here.
(2) That a person claiming ownership of the property make a demand of the property clerk for release of that property. This has been done here.
(3) That the property clerk then, within 10 days, institute a forfeiture or other similar judicial proceeding to contest the claim to the property or, in the alternative, release the property to the claimant. This the property clerk has failed to do.
Defendants also claim, by way of an affirmative defense and *420 counterclaim, that they are not bound by the McClendon procedure because they have decided that the money in this case was used in the furtherance of a crime or was, in fact, the proceeds of a crime. This court does not dispute that if the money here was contraband, i.e., counterfeit money, it could be retained by the property clerk without court order. However, the money here is not contraband. It is merely claimed to be money used in furtherance of a crime or the proceeds of a crime. Judge Lasker’s and our own court’s directions make clear that after timely demand for return of the money, any such claim may only be raised by a forfeiture or other similar judicial proceeding timely instituted by the property clerk. Thus, defendants are estopped from raising these defenses. (Sullivan, supra; see McClendon, supra.)
The argument that defendants now make that plaintiffs demand for the return of the property was not sufficient under the McClendon procedure because it was not in writing is, in the light of this record, disingenuous.
Defendants further seek to avoid return of the property by raising as an affirmative defense the failure of plaintiff to file a notice of claim pursuant to section 50-e of the General Municipal Law. The record is clear, however, that defendants had substantial actual notice of plaintiffs claim. In fact, in the proceeding in Criminal Court on November 17, 1977, Judge Moskowitz found that the plaintiff made a proper demand for the property in dispute on September 30, 1977 and again in court on November 17, 1977. This court, therefore, finds actual notice satisfying section 50-e (subd 3 par [p]) of the General Municipal Law (L 1976, ch 745, § 2) constituting compliance with that law’s notice of claim provision. (See Twenty-first Ann Report of NY Judicial Conference, 1976, p 286, par 3; Bender v New York City Health & Hosps. Corp., 38 NY2d 662; Cleinhans v Southern Cab Corp., 54 AD2d 672.)
This court finds that 10 days have lapsed since plaintiff claimed ownership of the money dispute and duly demanded its return from the property clerk. This court finds further that no forfeiture proceeding contesting plaintiffs claim was commenced during that 10-day period. As a matter of law, therefore, plaintiff is entitled to possession of the money claimed. (See, e.g., McClendon, supra; Sullivan, supra.)
Plaintiffs motion for summary judgment is granted. The clerk is directed to enter judgment in favor of the plaintiff for *421 $4,015.06 together with costs, disbursements and interest, from November 18, 1977.

. If more than one claimant makes timely demand for the return of the same property or money held by the property clerk, the property clerk may retain such money or property as a stakeholder pending the outcome of an interpleader action.

. The Assistant District Attorney appearing before Judge Moskowitz on this very matter apparently also does not agree with the defendants’ position here. He stated at the hearing on November 17, 1977 that he was familiar with the McClendon procedure and was of the opinion that the procedure set forth in McClendon was applicable to the money which is the subject matter of this action.