In the Matter of the Estate of Douglas Sheridan, Deceased.

Surrogate's Court, New York County, February 28, 1934.

*Arthur S. Johnson,* for the petitioner.

Delehanty, S. In so far as the petition filed herein prays for a citation requiring the parties in interest to show cause why the will offered for probate should not be admitted, it will be granted. In so far as the petition seeks a citation addressed to a legatee requiring such legatee to show cause why she should not be enjoined and barred from taking the legacies, it is denied. It is familiar law that a party may not profit by his own wrong. The particular application of that principle in the case of benefits under a will is discussed and stated in *Riggs* v. *Palmer* (115 N. Y. 506). The issue in this respect is one which properly belongs to the accounting proceeding in the estate. The will itself must be established first before any question can arise respecting benefits accruing to anybody under it. It follows, therefore, that the probate proceeding is not an appropriate place in which to raise the issue outlined in the petition herein.

Allegations such as are here made concerning one of the legatees named in the propounded paper would be a proper subject of inquiry if the legatee were named as executor (*Matter of Briggs,* 171 App. Div. 52), but the propounded paper names another person as executor. The cited case indicates that the Appellate Division took the same view as that here stated, to wit, that the propounded paper may be probated irrespective of charges against the legatee though such charges become pertinent if the legatee is designated in the will to act as executor of it.

None of the rights of the parties to the propounded paper or of the distributees of deceased are affected adversely by admission of the paper as the will of deceased. All questions such as are sought to be raised would be available if there had been no will and will survive the admission of the will to probate. As stated, they should be presented and disposed of on the accounting. Proceed accordingly.