Desmond, J.
This is a conversion, suit against a sheriff. Judgment went for defendant on the ground that the money-taken and withheld from plaintiff by the sheriff was the proceeds of a criminal act committed by plaintiff. Plaintiff had collected fees of $10 each from a number of persons for the privilege of attending a farm outing and of there photographing female models, some of whom posed in the nude. The sheriff appeared on the scene, arrested all concerned and took from plaintiff, and kept, the money which plaintiff had collected from his customers. Everyone except plaintiff pleaded guilty to disorderly conduct. Plaintiff pleaded guilty to a violation of section 43 of the Penal Law on an information which charged him with outraging public decency, and paid a $50 fine. The sheriff’s refusal to give back to plaintiff the ticket moneys brought on this trover suit. We think the courts below were right in dismissing the complaint.
“ It is the settled law of this State (and probably of every other State) that a party to an illegal contract cannot ask a court of law to help him carry out his illegal object, nor can such a person plead or prove in any court a case in which he, as a basis for his claim, must show forth his illegal purpose ” (Stone v. Freeman, 298 N. Y. 268, 271, citing the leading cases). The money plaintiff sues for was the fruit of an admitted crime and ‘ ‘ no court should be required to serve as paymaster of the wages of crime ” (Stone v. Freeman, supra, p. 271). And it makes no difference that defendant has no title to the money since the court’s concern “ is not with the position of the defendant ’ ’ but with the question of whether ‘ ‘ a recovery by the plaintiff should be denied for the sake of public interests ’ ’, a question which is one “ of public policy in the administration of the law ” (Flegenheimer v. Brogan, 284 N. Y. 268, 272). That public policy is the one described in Riggs v. Palmer (115 N. Y. 506, 511-512): “No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime. These maxims are dictated by public policy, have their foundation in universal law administered in all civilized countries, and have nowhere been superseded by statutes.”
This court has already held that this controlling public policy forbids recovery, in a civil suit against police officers, of money seized in gambling raids, since for the courts to grant such a *188 judgment to the lawbreaker would be to ‘ ‘ recognize and protect an outlawed business, and give their sanction to titles and possessory rights founded only on lawbreaking ” (Hofferman v. Simmons, 290 N. Y. 449, 457). Of course, Hofferman’s was a gambling case but denial of recovery there was not because of any special disabilities as to gambling. It was the application to a gambling situation not of any particular statutes but of the settled public policy of New York. Indeed, the Hofferman opinion notes that there is no New York statute containing any “ directions as to the disposition of monies seized from gamblers by the police ” (supra, p. 457). Lack of such a statute, said this court, “ does not enlarge the rights of professional gamblers ” or “ confer on them ” rights which the courts must recognize as to moneys proven to be the receipts of a criminal business (Hofferman v. Simmons, supra, p. 457).
Denying plaintiff a judgment here is no more a forfeiture or a confiscation or the exaction without due process of a fine or penalty than was the similar disposition of Hofferman’s case. We are not validating the seizure of a citizen’s property without warrant of law. We are not awarding this money to the sheriff. The defense of illegality “ is allowed not as a protection to a defendant, but as a disability to the plaintiff ” (Reiner v. North Amer. Newspaper Alliance, 259 N. Y. 250, 256). We are closing our courts to one who would prove his own wrongdoing as a basis for his supposed “ rights ”.
This appeal was taken as of right and without leave “ pursuant to section 588, subd. 1(a) of the Civil Practice Act ”, that is, on the theory that there is ‘‘ directly involved the construction of the constitution of the state or of the United States ’ ’. What we have said herein raises doubts, of 'course, as to whether any constitutional question of any substance is before us. But we affirm rather than dismiss the appeal (see Matter of MacDonald v. Browne, 294 N. Y. 263; Matter of Madison Ave. Offices v. Browne, 294 N. Y. 811) since defendant made no motion for dismissal and since one Judge of this court, dissenting, is of the opinion that there was here a denial of due process.
The judgment should be affirmed, with costs.