**William Roy MILLER, Plaintiff,**

v.

**The AMERICAN TOBACCO COMPANY, Defendant.**

United States District Court
S. D. New York.
June 27, 1957.

William Roy Miller, pro se.

Coudert Brothers, New York City, for American Tobacco Co.

NOONAN, District Judge.

Both parties herein have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (28 U.S.C.).

The plaintiff, a bank robber, asserts in his complaint that, with the aid of a toy pistol, he relieved a bank in Arizona of some of its surplus funds, was arrested in California, pleaded guilty to the robbery, and was sent by unappreciative society to the United States Penitentiary in Leavenworth, Kansas, for a term of fifteen years. He has become, he says, a model prisoner, and repents his crime.

Some time later, the plaintiff asserts, the defendant had a one minute commercial during a television program which program reenacted the plaintiff's brief brush with law and order, and in-tentionally therein protrayed the plaintiff as the bank robber.

This play, it is asserted, was for the purpose of aiding the defendant's sales, and the plaintiff asserts that it was to the defendant's great benefit and to plaintiff's detriment. How it was to the detriment of the plaintiff, in view of his plea of guilty, is not obvious. But he does not stress this argument.

The plaintiff's motion indicates that he bases his claim upon the benefit conferred thereby to the defendant, and states that he seeks compensatory damages. Such a claim implies that the defendant took or interfered with a property right of the plaintiff.

The plaintiff states specifically that this suit is not for an invasion of his privacy.

The defendant has asserted several affirmative defenses to the plaintiff's action.

This court knows of no basis for the suit. In order to succeed, the plaintiff must establish primarily that he has a property right in the robbery. It is doubtful if his plan was of sufficient originality to warrant the granting of a copyright, but that point is moot since the plaintiff does not appear to have sought one.

Unfortunately for the plaintiff the public policy of the State of New York (which has become the law herein and is applicable hereto, since this suit is brought in this court upon diversity of citizenship) was set forth in the case of Riggs v. Palmer, 115 N.Y. 506, 511–512, 22 N.E. 188, 5 L.R.A. 340 (and reaffirmed very recently in Carr v. Hoy, 2 N.Y.2d 185, 187, 158 N.Y.S.2d 572, 575):

"No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime. These maxims are dictated by public policy, have their foundation in universal law administered in all civilized countries, and

have nowhere been superseded by statutes."

Based upon that quotation, and upon all of the papers before the court on the motions for summary judgment by both parties, the court grants summary judgment against the plaintiff and for the defendant herein.

So ordered.