**William Roy MILLER, Plaintiff,**

v.

**NATIONAL BROADCASTING COMPANY, a corporation of the State of Delaware, Defendant.**

**Civ. A. No. 1767.**

United States District Court
D. Delaware.

Dec. 2, 1957.

See, also, 143 F.Supp. 78,

Louis J. Finger and Max S. Bell, Jr. (of Richards, Layton & Finger), Wilmington, Del., for plaintiff.

C. Waggaman Berl, Jr. (of Berl, Potter & Anderson), Wilmington, Del., for defendant.

WRIGHT, Chief Judge.

Plaintiff, Miller, a non-resident of the State of Delaware, pleaded guilty to robbery of the Arizona Bank and Trust Company of Tucson, Arizona, and on April 25, 1951 was sentenced to imprisonment for a term of fifteen years. He is presently incarcerated in the United States Penitentiary at Leavenworth, Kansas.

Defendant, National Broadcasting Company, Inc., a Delaware corporation, with principal offices in New York City, operates a network of television stations known as the "NBC Television Network." On February 18, 1955, a telecast over defendant's network sponsored alternately by the American Tobacco Company and the Simoniz Company styled the "Big Story" featured a dramatic re-enactment of the bank robbery without the knowledge or consent of plaintiff. As a result of this telecast, on May 9, 1955, plaintiff proceeding in forma pauperis, commenced a damage action in the District Court for the Southern District of New York against one of the sponsors, American Tobacco Company [1] and on November 28, 1955, instituted the present action against the television network, NBC.

Both parties have filed motions for Summary Judgment pursuant to Fed. Rules Civ.Proc. rule 56, 28 U.S.C. alleging no genuine issue as to any material fact exists. Cross motions for summary judgment do not warrant the granting of summary judgment if, in truth, a genuine factual issue is present.[2] After viewing a Kinescope presentation of the "Big Story" play and the documents forming the record, the court finds no triable issue of fact and as a matter of law, defendant's motion should be granted. For the purpose of this ruling plaintiff has been afforded the benefit of all favorable factual inferences.

Plaintiff's petition is predicated on two theories: (1) an implied contract was consummated when defendant dramatized plaintiff's acts; and (2), defendant in airing the bank robbery incidents interfered with a valuable property right—the right to sell that phase of plaintiff's life story. Overtones of interference with the right of privacy are also present [3] even though plaintiff has asserted he is not pursuing this device. The court will consider initially whether plaintiff's right of privacy has been invaded.

The present action is not the first time a "Big Story" production has formed the basis of a legal suit. In Bernstein v. National Broadcasting Co.,[4] the District Court for the District of Columbia was presented with a factual situation not unlike the facts in the instant litigation. There the court on a

---

1. In Miller v. American Tobacco Company, D.C.S.D.N.Y., 158 F.Supp. 48, Noonan, J., sustained American Tobacco Company's motion for summary judgment holding plaintiff's suit was contrary to the pronounced public policy of the State of New York in that the action was predicated on a criminal act citing the recent case of Carr v. Hoy, 1957, 2 N.Y.2d 185, 139 N.E.2d 531. Since the court's determination in the present litigation is independent of the res judicata issue alleged by defendant, the District Court of New York's decision has no material bearing on the instant considerations.

In passing it is noted that possibly an improper party was sued in New York for it appears the Simoniz Company was the principal advertiser of this particular telecast.

2. Moore ¶ 56.13.

3. Memorandum of plaintiff in opposition to defendant's motion for transfer at page 1, states: "The present action was brought by the plaintiff to recover for *an invasion of his privacy* by the National Broadcasting Company. * * *" (Emphasis supplied.)

4. 1955, 129 F.Supp. 817, affirmed 1956, 98 U.S.App.D.C. 112, 232 F.2d 369, certiorari denied 1956, 352 U.S. 945, 77 S. Ct. 267, 1 L.Ed.2d 239.

motion for summary judgment held claimant was precluded from recovery under the laws of the District of Columbia and Virginia. This court can add little to the learned judges' exhaustive treatment of the subject except to broaden its application and conclude that under the law of no jurisdiction [5] can recovery be premised upon the right of privacy on the facts averred.[6]

We come now to the specific claims of the plaintiff-implied contract, and interference with a property right. The decisional law and the legal literature disclose that these concepts have been assimilated by the right of privacy precept. In Mau v. Rio Grande Oil, Inc.,[7] the court stated:

"In actions founded upon the right of privacy, conservative jurists shied at an intangible spiritual concept as a basis for their conclusions, so they resorted to fictions! The principle was sustained by the weight of authority upon various grounds, such as the *right of property, breach of implied contract,* * * * *." (Emphasis supplied.)

Prosser has a statement of similar purport: [8]

"In 1890 there appeared in the Harvard Law Review a famous article, by Samuel D. Warren and Louis D. Brandeis, which reviewed a number of cases in which relief had been afforded on the basis of defamation, *invasion of some property right,* or breach of confidence or *an implied contract,* and concluded that they were in reality based upon a broader principle which was entitled to separate recognition. In support of their argument they contended that the growing excesses of the press made a remedy upon such a distinct ground essential to the protection of private individuals against the unjustifiable infliction of mental pain and distress. Although there was at first some hesitation, a host of other legal writers have taken up the theme and no other tort has received such an outpouring of comment in advocacy of its existence." (Emphasis supplied.)

---

5. Keech, J., in Bernstein, supra, hypothesized the existence of the right of privacy in the District of Columbia. Notwithstanding the presence of the doctrine, that court concluded plaintiff's rights were not infringed. Since recovery was denied in a jurisdiction where the right of privacy purportedly exists it necessarily follows that present plaintiff's claim, predicated on this concept, cannot be sustained under the laws of any jurisdiction. For in states not recognizing the right of privacy, claimant is unable to procedurally maintain the action. On the other hand, in jurisdictions sanctioning the doctrine the substantive burden cannot be met.

In addition, the court has discovered no authority, nor have counsel alluded to any case which would dictate an opposite conclusion.

6. The court's jurisdiction is based on diversity. Under Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, the court must determine what the state court of Delaware would do if it were faced with these facts. Since the telecast was seen throughout the United States and plaintiff has had contracts with at least five states (Kansas, Arizona, California, New York and Delaware), there is every reason to believe a Delaware court would reach a similar conclusion. Thus, it is unnecessary to engage in an exhaustive analysis of the various conflicts of laws in order to determine the applicable substantive law. For if no jurisdiction sanctions recovery on this doctrine it is difficult to conceive how a determination of the proper conflicts' principles will afford a contrary result. To engage in a search for the appropriate "choice of laws" in this instance would be both wasteful and frustrating and would further complicate an already complex field. (To understand more fully what a search of this nature entails see Bernstein v. National Broadcasting Co., note 4, supra; Ettore v. Philco Television Broadcasting Corp., 3 Cir., 1956, 229 F.2d 481, certiorari denied 351 U.S. 926, 76 S.Ct. 783, 100 L. Ed. 1456.

7. D.C.N.D.Cal.1939, 28 F.Supp. 845, 846.

8. Prosser Torts 2d Ed.H.B. § 97 (1955).

■ The court, based upon the facts presented, is in accord with the authorities quoted. Thus, since the implied contract and property rationales advanced by plaintiff are merely components of the right of privacy, recovery must be denied under the Bernstein rule [9] which this opinion has adopted.

■ In addition to the foregoing, plaintiff's allegations are patently inadequate to afford relief. The implied contract theory is pitched on the reasoning that defendant received a benefit at the expense of plaintiff. Consequently, plaintiff is entitled to reimbursement. It is conceded defendant received a benefit when it telecast the "Big Story" production under consideration. Moreover, there is no dispute that this so-called benefit emanated from some source. It does not follow, however, that plaintiff was the origin of this emolument. On the contrary, that which the defendant appropriated was part of the public domain. The story as re-enacted did not use plaintiff's name, nor did it relate intimate details of his life. Futhermore, the portrayal did not identify plaintiff in his present setting with that incident out of his past. As observed in Smith v. National Broadcasting Co., Inc.: [10]

"The complaint before us clearly shows that defendants utilized only such parts of plaintiff's life which were already in the public domain and which had been spread upon the public records by virtue of his report to the police and his subsequent arrest by them. As stated in Coverstone v. Davies, * * * 239 P.2d at page 880: 'In the instant case there is no such unwarranted publication by defendants of intimate details of plaintiffs' private lives. * * *'

" * * * Defendants having appropriated only such biographical incidents as were already properly in the public domain as a subject of general and legitimate public interest, and as to which no right of privacy attached, plaintiff's right to recover on such theory must fail.

* * * * * *

" * * * As has been previously pointed out, * * * there was no identification of plaintiff in his present setting with that incident out of his past which was already in the public domain."

Thus if anyone is compensated it should be the public at large.

Similarly, plaintiff's claim based upon interference with a valuable property right is without merit. As noted above, NBC's appropriation was from the public domain; therefore, it is obvious plaintiff's property rights were not infringed.

■ In matters of this nature courts must balance the right of the individual to be free from unwarranted exposure with the right of the public to have the uncensored dissemination of ideas whether they are purely newsworthy or form the basis of an entertainment medium. Where the purpose is recreation, the right of privacy must prevail unless the circumstances fall within the concepts enunciated in Bernstein [11] and Smith.[12] Therefore, this opinion should not be interpreted as sanctioning the unbridled appropriation of an individual's intimate history merely because it has once been exposed to public view.

Defendant in its motion asserted that the decision of the New York court in Miller v. American Tobacco Co.[13] was res judicata as to the questions at bar. Since the court has decided the present controversy on its merits this opinion takes no position on the res judicata issue.

9. Note 4, supra.

10. 1956, 138 Cal.App.2d 807, 292 P.2d 600, 603, 604.

11. Note 4, supra.

12. Note 9, supra.

13. Note 1, supra.

Accordingly, plaintiff's motion for summary judgment is denied, and defendant's motion for summary judgment is granted.

An order in conformity herewith may be submitted.