*463 OPINION OF THE COURT
Louis Grossman, J.
In this nonjury case, the evidence is clear and overwhelming that the defendant breached an agreement with the plaintiff in that defendant willfully and deliberately violated a covenant not to compete with the plaintiff within a five- block radius for a period of three years.
At the conclusion of the trial, this court directed an interim order making a temporary injunction, heretofore issued at Special Term by Justice Beatrice Shainswit, permanent in nature.
The facts adduced at the trial showed that prior to the trial the defendant sold the competing business, which he had unlawfully opened, for a price of $250,000. It was further testified to that the defendant had various expenses and costs which he incurred in the opening and running of said competing business in the amount of $214,500. Therefore, the defendant admitted that he had realized a profit to himself of $35,500 from the sale of said competing business.
In addition to the permanent injunction, the plaintiff seeks to recover monetary damages incurred as a result of the breach of the aforesaid agreement, namely the portion thereof not to compete with the plaintiff. In the instant case, albeit labeled as one in equity, the court feels justified in awarding monetary damages as well as a permanent injunction to the plaintiff against the defendant. The authority for doing so was best expressed in Birnbaum v Rollerama, Inc. (232 NYS2d 188, 191): "Equity will mold its decrees to suit the needs of the particular case.” (See, also, Weil v Atlantic Beach Holding Corp., 1 NY2d 20.)
The plaintiff attempted to introduce evidence concerning the loss of profits in the store which he had purchased from the defendant. However, the plaintiff failed to adequately sustain or meet his burden of proof in order to establish any loss of profits. The plaintiff failed to produce his business records, and his evidence regarding loss of profits failed to impress the court. There were too many elements of uncertainty in what little proof was adduced to prove any loss of profits by the plaintiff. It was shown that too many competitive and economic factors were involved herein to prove any correct or even fair estimate of the amount of damages sustained as a result of loss of profits by the plaintiff. (See Rein v Mottola, 6 AD2d 57, 60-61.)
On the other hand, the court finds that the plaintiff herein *464 is entitled to recover the full profit made by the defendant on the sale of his competing business, which he opened unlawfully. It is a well-established doctrine that equity will not aid any scheme or project which might lead to undeserved profit. It is stated in New York Jurisprudence (vol 20, Equity, § 95) as follows: "The doctrine that a person cannot be advantaged by his own wrong is applicable only to wilful wrongs as distinguished from carelessness.” In our instant case, the breach of the defendant in opening the competing business in the forbidden area within the prohibited time limit was indeed a willful act on his part. It must therefore be held that the defendant herein should not profit from his own misconduct.
The defendant argues that the plaintiff ought to be left to the relief of a permanent injunction. However, the court believes that the defendant should not be enriched by his own willful and wrongful acts. In Kaminsky v Kahn (23 AD2d 231, 237) Mr. Justice Eager stated: "The court clearly has the power and should render such relief as is appropriate to the wrongs of the defendant. 'The power of equity is as broad as equity and justice require’. (London v. Joslovitz, 279 App. Div. 280, 282.) 'It is a familiar principle that a court of equity having obtained jurisdiction of the parties and the subject matter of the action will adapt its relief to the exingencies of the case’. (Phillips v. West Rockaway Land Co., 226 N. Y. 507, 515.)”
In the old case of Riggs v Palmer (115 NY 506, 511-512) the Court of Appeals recognized that nobody shall be permitted to profit by his own wrong: "No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own inequity, or to acquire property by his own crime. These maxims are dictated by public policy, have their foundation in universal law administered in all civilized countries, and have nowhere been superseded by statutes.”
The above quotation was fully cited with approval by Judge Desmond in Carr v Hoy (2 NY2d 185, 187) and in McConnell v Commonwealth Pictures Corp. (7 NY2d 465, 469) (see, also, Matter of Sheridan, 151 Misc 89; Matter of Foreclosure of Tax Liens, 117 NYS2d 725, 726).
The same principle was enunciated by Mr. Justice Black, writing for the United States Supreme Court in Glus v Brooklyn Eastern Term. (359 US 231, 232-233): "To decide the case *465 we need look no further than the maxim that no man may take advantage of his own wrong. Deeply rooted in our jurisprudence this principle has been applied in many diverse classes of cases by both law and equity courts”. (See, also, General Stencils v Chiappa, 18 NY2d 125, 127-128.)
In our instant situation, the defendant, on the sale of his original store to the plaintiff, must be presumed to have obtained part of the purchase price thereof for goodwill and for his covenant not to compete in a certain area within a certain period of time. By wrongfully breaching the covenant, the defendant cannot sustain any gain by such willful misconduct on his part. He was, in effect, selling his goodwill twice— once to the plaintiff and then to the purchaser of the competing store. Since the competing store will remain in business and continue to compete against the plaintiff, the profit made on the sale of the competing store by the defendant should properly be awarded to the plaintiff.
Accordingly, in addition to the permanent injunction heretofore granted to the plaintiff against the defendant, the plaintiff is awarded a monetary judgment against the defendant in the sum of $35,500 with interest from June 9, 1978, together with the costs and disbursements of this action.