OPINION OF THE COURT
Edward J. McLaughlin, J.
The alleged putative father of a child born out of wedlock on August 10,1978, filed a paternity petition with the court on July 19, 1979. Petitioner seeks an order of filiation so that he may seek custody of the child.
Petitioner testified that he met respondent shortly after he was released from Berkshire Farms on November 11, 1976. He further testified that he entered into a sexual relationship with respondent in December of 1976. He was 16 when the sexual relationship began; respondent was 14. According to petitioner, he had frequent sex with respondent thereafter. He states that respondent lost her contraceptive pills sometime in November of 1977. He testified that he had sex with respondent 27 times in October of 1977, 30 times in November of 1977 and 27 times in December of 1977. Around Christmas of 1977, he says, respondent found that she was pregnant with the child that was subsequently born in August of 1978.
Petitioner is currently employed with a janitorial service doing odds and ends sorts of jobs. He testified that he paid part of respondent’s hospital bill and that he paid support *289 for the baby while respondent lived with him. Respondent left him in October of 1978. He has not paid any support for the child recently and he has no receipts of previous payments.
The basis of petitioner’s cause of action rests upon an illegal act, sexual misconduct. (Penal Law, § 130.20.) Respondent, at the time of her alleged sexual liaison with petitioner, was, because of her age, incapable of lawfully consenting to a sexual relationship. (Penal Law, § 130.05, subd 3.) The sexual misconduct section of the Penal Law was expressly intended to cover the situation “when the victim is over fourteen but under seventeen years of age and the defendant is under twenty-one years of age * * * The young defendant here does not force the victim into commiting the act, nor is the victim suffering from any physical or mental infirmity. In fact, the defendant may well have been persuaded by the ‘victim’ to commit the act.” (See Proposed N.Y. Penal Law, Commission Staff Notes, § 135.20 [1964].)
It is a maxim of the common law that “a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party” (1 CJS 996.) This common-law principle has long been the public policy of New York. In the case of Riggs v Palmer (115 NY 506, 511-512) the Court of Appeals stated that:
“No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime. These maxims are dictated by public policy, have their foundation in universal law administered in all civilized countries, and have nowhere been superseded by statutes.”
The New York courts have adhered to these maxims until the present time. (See, e.g., McConnell v Commonwealth Pictures Corp., 7 NY2d 465; Carr v Hoy, 2 NY2d 185; Y.J.D. Rest. Supply Co. v Bib, 98 Misc 2d 462; Marc-Charles v Krug, 93 Misc 2d 603.)
While there is no doubt but that a paternity proceeding *290 may be originated by “a person alleging to be the father, whether a minor or not” (Family Ct Act, § 522) this statutory provision does not give the alleged father a cause of action when the basis of his claim of paternity rests upon his own wrongdoing. Accordingly, this court dismisses petitioner’s paternity petition since petitioner’s cause of action is founded in an illegal act to which he was a party.