## (March 9, 1981)

■ In the Matter of MELMARKETS, INC., Also Known as BIG MEL OF EAST ROCKAWAY, Appellant, v DENIS DILLON, as District Attorney of Nassau County, Respondent. — Motion by petitioner for reargument of an appeal from a judgment of the Supreme Court, Nassau County, dated July 20, 1979, or for leave to appeal from an order of this court dated August 11, 1980 which determined said appeal (Matter of Melmarkets, Inc. v Dillon, 77 AD2d 897). Motion denied. On the court's own motion, the decision and order of this court, both dated August 11, 1980, are recalled and vacated and the following substituted decision is rendered: In a proceeding pursuant to CPLR article 78 to compel the District Attorney of Nassau County to return to petitioner certain manufacturers' discount coupons which had been taken from its possession pursuant to a search warrant, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated July 20, 1979, which dismissed the petition. Judgment affirmed, with $50 costs and disbursements. We agree with petitioner that an article 78 proceeding in the nature of mandamus is an appropriate vehicle to compel the return of property seized by the police (see Boyle v Kelley, 42 NY2d 88; see, also, Matter of Oakley v Police Prop. Clerk of Nassau County, 75 AD2d 816). However, the proceeding herein must be dismissed on the merits. The record reveals that the coupons which petitioner seeks to have returned to it constitute an amalgam of legitimate and illegitimate coupons, commingled by petitioner as part of a scheme to defraud which formed the basis of its conviction under subdivision 1 of section 190.65 of the Penal Law. No method has been suggested by which the legitimate coupons may be separated from the rest. Under these circumstances, petitioner is not entitled to the return of any of the coupons, as they constitute the instrumentality of a crime (cf. McClendon v Rosetti, 460 F2d 111; Matter of City of New York v Cosme, 67 AD2d 852; Clay v McCabe, 56 AD2d 747). Lazer, J.P., Gibbons, Gulotta and O'Connor, JJ., concur.