■ In the Matter of JAMES LIPSCOMB, Respondent, v PROPERTY CLERK OF THE CITY OF NEWBURGH POLICE DEPARTMENT, Appellant.—Yesawich Jr., J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Rosato, J.), entered September 27, 1991 in Orange County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to return certain property seized from petitioner in the course of three arrests.

While executing several drug possession arrests, Newburgh City Police seized $1,048 from petitioner, who ultimately pleaded guilty to "unspecified drug charges". Following termination of the criminal proceeding against him, petitioner made a written demand upon respondent to return the money taken from him. When respondent failed to do so, petitioner commenced this CPLR article 78 proceeding and Supreme Court, properly in our view, ordered respondent to return the $1,048 to petitioner.

Once all criminal proceedings involving confiscated property

have terminated and a demand for the property has been made, a property clerk must turn over to a claimant any such property that is not *"per se* contraband", that is, " 'objects the possession of which, without more, constitutes a crime' " *(United States v Farrell,* 606 F2d 1341, 1344, quoting *One 1958 Plymouth Sedan v Pennsylvania,* 380 US 693, 699), unless further detention can be justified by a new predicate, such as a forfeiture action or further criminal proceedings *(Matter of DeBellis v Property Clerk of City of N. Y.,* 79 NY2d 49, 58). If "the District Attorney * * * fails to either initiate a timely forfeiture proceeding or [where, as here, he elects not] to offer a valid reason for continued retention of the property", the government has no right to persist in retaining it, and this is so whether or not a written release of the property has been obtained from the District Attorney *(supra,* at 59). Inasmuch as respondent's duty to give the money back to petitioner is a duty imposed by law, this proceeding in the nature of mandamus to compel is the proper mechanism for petitioner to secure recovery of the seized property.

Unable to point to any statutory basis justifying its retention of the money sought by petitioner, respondent argues that the money represents the proceeds of drug sales and, based on principles of unjust enrichment, that petitioner should not be permitted to recover the "fruits of a crime". Respondent rightly observes that the courts are not available to one whose cause is founded on an illegal transaction *(see, Carr v Hoy,* 2 NY2d 185, 188; *see also, United States v Farrell, supra,* at 1349-1350), but that is not the case here. Petitioner does not ask the court to enforce or to rescind an illegal contract, or to allow him to show that it was his own "wrongdoing" that spawned his professed right to the money *(Carr v Hoy, supra,* at 188). Finally, it cannot be said that the money has been "proven to be the receipts of a criminal business" *(supra,* at 188). There is no evidence in the record that petitioner admitted upon his plea that the money was acquired by selling drugs. Furthermore, his arrest sheets indicate that he was charged only with possessing drugs, not selling them. Consequently, the money cannot be said to be the fruit of an admitted crime.

Respondent's remaining contentions have been considered and found to be without merit.

Mikoll, J. P., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.