*996 OPINION OF THE COURT
John G. Connor, J.
Petitioner seeks an order pursuant to CPLR article 78 directing respondent, or their agents, to return to petitioner a certain motor vehicle seized by the Copake Police Department, and for respondent to pay all towing and storage charges associated with said seizure. Respondent contends that the motor vehicle is being held as evidence, on the grounds that it was the instrumentality of a crime and may help establish the criminal defendant’s criminal intent.
The facts of this matter are undisputed. Petitioner is the lessee of the 1998 Chevrolet S-10 pick-up truck. On or about November 13, 1998 the Copake Police stopped the vehicle in the Town of Copake and charged the operator of the vehicle, Vincent Ferrato, with two counts of driving while intoxicated and one count of aggravated unlicenced operation. Petitioner’s husband, Peter M. Schnauder, was at the time a passenger in the vehicle.
The vehicle was equipped with an ignition interlock device, due to Schnauder’s previous conviction for driving while intoxicated. Respondent contends that on two separate occasions, prior to Ferrato’s arrest, Ferrato and Schnauder, the passenger, bypassed the ignition interlock device. The People claim this was accomplished by using an air compressor and by leaving the engine running while they allegedly drank alcoholic beverages. Notwithstanding these allegations, no formal charges have been brought against either Ferrato or Schnauder, the passenger, for circumventing the interlock device. (See, Vehicle and Traffic Law § 1198 [10].)
At the time of Ferrato’s arrest, the vehicle was impounded, and has been stored, at Jim’s Autobody, Old Route 22, Copake, New York. Petitioner contends that Jim’s Autobody is an agent of respondent and continues to hold the vehicle at the direction of the Columbia County District Attorney’s office. Petitioner, as lessee of the vehicle, contends that she requested the release of the vehicle, or in the alternative, the transfer of the vehicle to a county facility so as to stop the accrual of storage charges. As of May 17, 1999 Jim’s Autobody claims a garagemen’s lien of $4,625 in storage charges, $100 in towing charges and applicable sales tax, amounting in sum to a lien of $5,103 against the vehicle.
The Columbia County District Attorney’s office will not agree to release the vehicle until 30 days after Ferrato’s sentencing, *997 on the theory that the vehicle may be needed if Ferrato appeals. Ferrato has already pleaded guilty to the charges, as hereinbefore set forth, and awaits sentencing; as part of his plea agreement Ferrato waived his right to appeal.
The retention of petitioner’s vehicle for a period of more than six months is a condemnation or taking of plaintiffs property without compensation. Since neither petitioner nor Schnauder are parties to the criminal proceeding, the use of an article 78 proceeding to recover the unlawfully seized vehicle is proper. (See, Matter of Melmarkets, Inc. v Dillon, 80 AD2d 839 [2d Dept 1981]; Matter of Lipscomb v Property Clerk of City of Newburgh Police Dept., 188 AD2d 993 [3d Dept 1992]; former Code Crim Pro § 813-c, now CPL 710.70.)
The instant proceeding is in the nature of mandamus to compel respondent, and its agents, to return petitioner’s vehicle. Petitioner does not seek a review of any determination made in the criminal case against Ferrato; although the vehicle was seized in the context of an arrest, mandamus is the proper means for petitioner to request return of the vehicle. (See, 6 NY Jur 2d, Article 78, § 100; Matter of Lipscomb v Property Clerk of City of Newburgh Police Dept., supra.) Mandamus will issue only where there is a clear showing of arbitrary and illegal action, without reasonable explanation or excuse. (See, Matter of Friess v Morgenthau, 86 Misc 2d 852 [1975]; Matter of Butts v Justices of Ct. of Special Sessions, 37 AD2d 607 [2d Dept 1971], appeal dismissed 29 NY2d 707 [1971].) Petitioner must show a clear legal right to the relief requested. (See, Matter of Fehlhaber Corp. v O’Hara, 53 AD2d 746 [3d Dept 1976].)
The court must examine whether the acts of the respondent, and its agents, were arbitrary and capricious; an arbitrary and capricious act is one which is based upon specious and unconvincing grounds, is unreasonable, rests upon nothing more than unfounded suspicions, or is not made in good faith. (See, 6 NY Jur 2d, Article 78, § 53.)
Here the District Attorney’s office contends that the vehicle is an instrumentality of the crimes committed by Ferrato, Respondent argues that, although no formal charges have been lodged against Schnauder, the passenger, he is “as guilty” as Ferrato. The taking and seizure of said automobile leased by the petitioner is without legal authority. Criminal intent is not an element in a driving while intoxicated case. Evidence that Ferrato operated a motor vehicle with a blood alcohol level in excess of .10% or that Ferrate’s consumption of alcohol rendered him incapable of giving adequate attention and care *998 to the operation of a motor vehicle is all that is required to prove that Ferrato was driving while intoxicated. (See, Vehicle and Traffic Law § 1192 [2], [3].)
Constitutionally the property of a citizen may not be taken or seized unless there is a public necessity for the taking. (See, Boyle v Kelley, 53 AD2d 457 [2d Dept 1976], revd, on other grounds 42 NY2d 88 [1977]; US Const 14th Amend; NY Const, art I, § 6.) It is well settled that an individual’s property may not be seized, even if incidental to an arrest, unless the same is contraband. (See, Boyle v Kelley, supra, at 462; McClendon v Rosetti, 460 F2d 111 [2d Cir 1972].) Unless and until the New York State Legislature proclaims that all vehicles driven by allegedly drunk drivers constitute contraband subject to seizure, this court will not interfere with what is perhaps the most precious and fundamental of all rights, the right to possess personal property unfettered by governmental interference. The unlawful confiscation and retention of petitioner’s vehicle, under the veil of needing the same as evidence against Ferrato, is arbitrary and capricious, and without sound reasoning. Respondent has deprived petitioner of her property without due process of law in violation of both the Fourteenth Amendment of the US Constitution and article I, § 6 of the New York State Constitution. (See, US Const 14th Amend; NY Const, art I, §6.)
Accordingly, the petition is granted and respondent is hereby directed to, upon service of a copy of this decision and order with notice of entry thereon, pay any garagemen’s lien asserted by Jim’s Autobody, Old Route 22, Copake, New York, for storage charges, towing charges, taxes and other costs or fees incurred as a result of the seizure of petitioner’s vehicle, and respondent, and its agent the Columbia County District Attorney, shall further order the immediate release of said vehicle to petitioner.