■ In the Matter of JEAN M. MONTECALVO, Respondent, v COLUMBIA COUNTY, Appellant. [711 NYS2d 849] —Mugglin, J. Appeal from an order of the Supreme Court (Connor, J.), entered June 8, 1999 in Columbia County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78,[1] to compel respondent to return petitioner's vehicle.

Petitioner is the lessee of a 1998 Chevrolet S-10 pickup truck owned by General Motors Acceptance Corporation. On November 14, 1998, Vincent Ferrato was arrested by the Town of Copake Police in Columbia County for, *inter alia*, felony driving while intoxicated. Ferrato and petitioner's husband, Peter Schnauder, who was a passenger at the time, had borrowed petitioner's truck for purposes of a hunting trip in Columbia County. Following Ferrato's arrest the Town Police impounded petitioner's vehicle and it was kept pursuant to the direction of the District Attorney's office pending completion of the criminal proceedings. On February 5, 1999 petitioner served, by certified mail, a notice of claim upon respondent, the District Attorney's office and the Town of Copake. This notice of claim sought money damages based upon the wrongful refusal to release petitioner's motor vehicle.

On March 1, 1999, petitioner's counsel filed a request for

---

**1.** Although petitioner intended to apply for relief under CPLR article 78, she commenced this proceeding with an order to show cause supported by an attorney's affidavit and a summons and complaint.

judicial intervention form with the County Clerk, indicating the commencement of a CPLR article 78 proceeding. Simultaneously, apparently,[2] he filed a summons and complaint (alleging three causes of action against respondent involving the return of the vehicle and damages for its impoundment) and an index number application. Upon payment of the fee, the Clerk issued index number 99-974.

Also, on March 1, 1999, having presented his affirmation and the summons and complaint, counsel obtained an order to show cause from Supreme Court, in the nature of mandamus, to compel the District Attorney's office to return the vehicle. The affidavit of service, filed March 10, 1999, indicates that counsel served only the summons and complaint on the Clerk of respondent's Board of Supervisors on March 1, 1999 at 3:10 P.M. There is no proof of service of the order to show cause, which document was not filed until June 8, 1999 when it was filed with the decision/order under review.

Respondent's opposition consisted of an affidavit of the First Assistant District Attorney with attached exhibits in which she asserted that the vehicle might be needed as evidence of the instrumentality of the crimes charged and could not be released until defendant's time to appeal had expired. Supreme Court determined that the instant proceeding was in the nature of mandamus to compel respondent and its agents to return petitioner's vehicle and granted petitioner the relief requested, including payment of storage charges, towing charges, taxes and all costs incurred as a result of the seizure. Respondent appeals.

There must be a reversal. A CPLR article 78 proceeding in the nature of mandamus is available to compel the return of property seized in a criminal action (*see, Matter of DeBellis v Property Clerk*, 79 NY2d 49; *Matter of Lipscomb v Property Clerk*, 188 AD2d 993; *Matter of Melmarkets v Dillon*, 80 AD2d 839). Here, however, no CPLR article 78 proceeding was commenced. The filing and service of the summons and complaint on respondent commenced an action. A special proceeding is commenced by filing a notice of petition or order to show cause and a petition (*see*, CPLR 304). As previously noted, there is no evidence in this record that the order to show cause was served and it was not filed until June 8, 1999 with the decision/order under review. While *defects* in filing are waived if the party appears and litigates on the merits (*see, Matter of Fry v Village of Tarrytown*, 89 NY2d 714), *nonfiling* of the papers necessary to

---

**2.** The date and time stamps on the documents herein mentioned are illegible in the record.

institute the action is a nonwaivable, jurisdictional defect (*see, Matter of Gershel v Porr*, 89 NY2d 327, 330).

Compounding these procedural errors is the fact that respondent is not a proper party and is, in fact, powerless to comply with the court's order since neither the District Attorney nor the Copake Town Police are agents or employees of respondent, nor is respondent liable for damages which may have been occasioned by the action of these entities. A District Attorney represents the State in prosecuting a criminal case and the county is not responsible for his or her conduct (*see, Baez v Hennessy*, 853 F2d 73, 77, *cert denied* 488 US 1014). Additionally, a town receives its police powers from the State (*see, Matter of Bon-Air Estates v Building Inspector*, 31 AD2d 502) and town police departments are hired under direct authorization from the Legislature (*see*, Town Law § 150). Therefore, they are the only proper respondents.[3]

Cardona, P. J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and complaint/petition dismissed.

---

**3.** Conversion of this matter to a special proceeding pursuant to CPLR 103 (c) would have therefore been futile as to respondent and improper as to the District Attorney and Town Police since Supreme Court had not obtained jurisdiction over them.