OPINION OF THE COURT
John G. Connor, J.
Petitioner seeks an order pursuant to CPLR article 78 directing respondent to return to petitioner a certain motor vehicle seized by the New York State Police on October 18, 1999 and for respondent to pay all towing and storage charges associated with said seizure. Respondent contends that the motor vehicle is being held as evidence, on the grounds that it was the instrumentality of a crime and may help establish the criminal defendant’s guilt.
The facts of this matter are undisputed. Petitioner is the owner of the 1994 Honda two-door motor vehicle, vehicle identification number 1HGCD5656RA138653, New York State registration number BE899V, registered to petitioner (hereafter the Vehicle). On October 18, 1999 petitioner was arrested while driving the Vehicle for driving with a suspended license and operating an unregistered vehicle. The Vehicle was seized at the time of petitioner’s arrest. In addition, a search warrant was issued by the Honorable Daniel Lalor, in connection with an investigation of charges of attempted murder in the second degree filed against Duane Dixon and Roscheem Gray, directing the State Police to search and seize the Vehicle for (1) blood splatter on the inside of the Vehicle, (2) hair fibers from inside the Vehicle, (3) clothing fibers from inside the Vehicle, and (4) gunpowder residue from inside the Vehicle.
The charge of driving with a suspended license was dismissed, and petitioner paid a fine in connection with the charge of operating an unregistered vehicle. Furthermore, the indictments against both Duane Dixon and Roscheem Gray were dismissed by the Honorable John Leaman on March 1, 2000.
The Vehicle is the principal means of transportation for petitioner; she uses the Vehicle to commute to and from work, and to transport two of her three children to the physician treating them for severe asthma. In addition, petitioner continues to pay monthly payments on the Vehicle of $194.22 per month.
Respondent District Attorney’s Office submits an answer to the petition raising nine affirmative defenses and objections in *374 point of law, including procedural objections regarding the form of the instant proceeding, technical deficiencies in petitioner’s papers and substantive reasons why the relief requested should be denied. Respondent also submitted a “Demand for change of Venue” apparently served upon counsel for petitioner. Respondent contends that the Vehicle is evidence needed in the case against Duane Dixon and Roscheem Gray, and despite the fact that the indictments were dismissed, respondent refuses to return the Vehicle to petitioner on the grounds that respondent may appeal the decision dismissing the indictments, and may resubmit the case to the Grand Jury.
The court finds that the technical deficiencies contained within petitioner’s papers are mere irregularities which in no way prejudice respondent. The court shall, therefore, address the merits of the petition. The issue of proper venue, although the subject of a demand served upon petitioner’s counsel, is not presently before the court.
The retention of petitioner’s Vehicle for a period of almost one year is a condemnation or taking of petitioner’s property without compensation. Since petitioner is not a party to the criminal proceeding, the use of an article 78 proceeding to recover the unlawfully seized Vehicle is proper. (See, Matter of Melmarkets, Inc. v Dillon, 80 AD2d 839 [2d Dept 1981]; Matter of Lipscomb v Property Clerk of Newburgh Police Dept., 188 AD2d 993 [3d Dept 1992].)
The instant proceeding is in the nature of mandamus to compel respondent to return petitioner’s Vehicle. Petitioner does not seek a review of any determination made in the criminal case against Dixon and Gray; although the Vehicle was seized in the context of an arrest, mandamus is the proper means for petitioner to request return of the Vehicle. (See, 6 NY Jur 2d, Article 78 and Related Proceedings, § 100; Lipscomb v Property Clerk of Newburgh Police Dept., supra.) Mandamus will issue only where there is a clear showing of arbitrary and illegal action, without reasonable explanation or excuse. (See, Matter of Friess v Morgenthau, 86 Misc 2d 852 [1975]; Matter of Butts v Justice of Ct. of Special Sessions, 37 AD2d 607 [2d Dept 1971], appeal dismissed 29 NY2d 707 [1971].) Petitioner must show a clear legal right to the relief requested. (See, Matter of Fehlhaber Corp. v O’Hara, 53 AD2d 746 [3d Dept 1976].)
The court must examine whether the acts of the respondent were arbitrary and capricious; an arbitrary and capricious act is one which is based upon specious and unconvincing grounds, *375 is unreasonable, rests upon nothing more than unfounded suspicions, or is not made in good faith. (See, 6 NY Jur 2d, Article 78 and Related Proceedings, § 53.)
Although the Vehicle was originally seized in accordance with a search warrant, the indictments upon which the warrant was issued have long since been dismissed. Here respondent’s contention that the Vehicle is an instrumentality of the crime allegedly committed by Dixon and Gray is nothing more than a conclusory allegation. Evidence allegedly contained within the Vehicle could have been removed by respondent’s investigators and testified to thereafter. The continued retention of the petitioner’s Vehicle, now that the charges against her have been resolved, and there is no basis for the search warrant issued in connection with the now dismissed indictments against Duane Dixon and Roscheem Gray, is unfounded.
Constitutionally the property of a citizen may not be taken or seized unless there is a public necessity for the taking. (See, Boyle v Kelley, 53 AD2d 457 [2d Dept 1976], revd on other grounds 42 NY2d 88 [1977]; US Const 14th Amend; NY Const, art I, § 6.) It is well settled that an individual’s property may not be seized, even if incidental to an arrest, unless the same is contraband. (See, Boyle v Kelley, supra, at 462; McClendon v Rosetti, 460 F2d 111 [2d Cir 1972].)
Here the Vehicle is not contraband, but rather allegedly may contain evidence of the crime. If respondent needed access to the Vehicle to gather evidence of the alleged crimes committed, they obtained sufficient access via the search warrant. Now that the indictments have been dismissed the color of right to possess the Vehicle has expired. The unlawful retention of petitioner’s Vehicle, under the veil of needing the same as evidence against Dixon and Gray, whose indictments were dismissed March 1, 2000, is arbitrary and capricious, and without sound reasoning. Respondent has deprived petitioner of her property without due process of law in violation of both the Fourteenth Amendment of the US Constitution and article I, § 6 of the New York State Constitution. (See, US Const 14th Amend; NY Const, art I, § 6.)
Accordingly, the petition is granted and respondent is hereby directed to, upon service of a copy of this decision and order with notice of entry thereon, pay any garagemen’s lien asserted against the Vehicle for storage charges, towing charges, taxes and other costs or fees incurred as a result of the seizure of petitioner’s Vehicle, and respondent shall further order the *376 immediate release of said Vehicle to petitioner. Failure to comply with the directive of this court shall constitute a contempt of court.