*680 OPINION OF THE COURT
Howard E. Levitt, J.
In this proceeding, brought pursuant to CPLR article 78, the petitioners seek a judgment annulling and vacating the determination of the New York State Public High School Athletic Association, Inc. Executive Committee, the Section VIII Executive Committee and the Section VIII Appeals Committee which determinations denied petitioners’ application for extension of Daniel R. Pratt, Jr.’s eligibility to participate in interscholastic high school sports during his senior year of high school.
The petitioner’s son, Daniel R. Pratt, Jr., entered the senior high school of Manhasset Union Free School District, located at Memorial Place, Manhasset, New York, as a ninth-grade student in September 1982. During the 1982-1983 school year, he was eligible for and participated in the interscholastic sports of football, basketball and lacrosse pursuant to the applicable rules and regulations.
Due to a maturity problem and a resultant low academic performance level (although he did not fail any subjects), petitioner’s son repeated the ninth grade for the 1983-1984 school year at a private school, St. Paul’s High School in Garden City, New York. During the ninth grade at St. Paul’s, he again participated in the interscholastic sports of football, basketball and lacrosse.
After completion of the ninth grade at St. Paul’s he was enrolled in the Manhasset senior high school for the tenth grade in the 1984-1985 school year. However, it is alleged that, based upon recommendations by his psychologist and various Manhasset District teaching and administrative personnel, as well as by the director of petitioner’s son’s tutoring program, he did not participate in interscholastic sports for the 1984-1985 school year to allow for and assist in improvement of his academic skills, his maturity level and related psychological, emotional and behavioral problems them experienced by him. His academic performance improved markedly, and his maturity, behavioral and other problems were alleviated.
On October 15, 1984, the petitioners filed an application for extension of athletic eligibility seeking a variance from the subject eligibility requirement which limits eligibility to participate in interscholastic sports to four consecutive years after entry into the ninth grade. The Section VIII Appeals *681 Committee declined to consider petitioners’ request until such time that the four seasons of eligibility had been exhausted. Such declination was not improper under the applicable rules and regulations. He then entered the eleventh grade and participated in football, basketball and lacrosse. His academic progress continued and his over-all development and growth continued to improve.
On April 14, 1986 petitioners again filed an application for extension of athletic eligibility with the appropriate branch of the New York State Public High School Athletic Association, Inc. (hereinafter NYSPHSAA). By letter dated June 13, 1986, petitioners were informed that "under the present guidelines outlined by the Commissioner’s regulations, we are unable to grant the extension of eligibility.”
Petitioners filed an appeal to the Section VIII Executive Committee. Following a hearing before said committee in June 1986, which had before it the record submitted to the Appeals Committee (including the statements of petitioners’ son’s psychologist and tutors recommending a grant of eligibility extension in the student’s best interests) the Executive Committee denied petitioners’ appeal.
Thereafter, petitioners appealed the June 24, 1986 decision to NYSPHSAA. A hearing was held on August 8, 1986 and by a 28 to 2 vote the appeal was denied.
Petitioners then commenced this article 78 proceeding contending that the prior determinations were arbitrary, capricious and irrational in that they implicitly or explicitly rejected nonphysical reasons for petitioners’ sons’s nonparticipation in sports in his tenth grade year, notwithstanding the provision within said rules allowing for grounds other than illness and accident. They further allege that they were misled into believing that their original, but premature, application had merit and would be granted. Additionally, they claim that the determinations constitute an illegal abuse of discretion, contrary to the purpose and intent of rules and regulations governing athletic participation eligibility and contrary to the most fundamental precepts of public education and in conflict with the purposes stated in the constitution of NYSPHSAA.
Section VIII of the New York State Public High School Athletic Association, Inc. (hereinafter Athletic Association) is 1 of 11 such sections throughout the State of New York. It is a separate and distinct not-for-profit corporation consisting *682 of a voluntary association of schools operating under the aegis of the New York Commissioner of Education who adopt and seek to enforce Regulations of the Commissioner of Education § 135.4.
The rule in controversy is section 135.4 (c) (7) (ii) (b) (1) of the Rules and Regulations of the Commissioner of Education (8 NYCRR) which was promulgated under the authority granted the Board of Regents under Education Law § 207. It reads in pertinent part as follows: "Duration of competition. A pupil shall be eligible for senior high school athletic competition in a sport during each of four consecutive seasons of such sport commencing with the pupil’s entry into the ninth grade and prior to graduation, except as otherwise provided in this subclause * * * If sufficient evidence is presented by the chief school officer to the section to show that the pupil’s failure to enter competition during one or more seasons of a sport was caused by illness, accident or similar circumstances beyond the control of the student, such pupil’s eligibility shall be extended accordingly in that sport.” (Emphasis added.)
The purpose of the rule as stated in Murtagh v Nyquist (78 Misc 2d 876) is to prevent "red shirting”, the practice whereby a high school student is held back for one grade for academic reasons and does not compete in athletics for that school year. The student then competes in his fifth year in high school, when he is more mature, physically developed and presumably more proficient. This practice is undesirable in considerable part because it provides a vehicle whereby the older "red shirted” student is competing with younger, less developed students, a situation which could lead to injuries.
By this proceeding the petitioners seek a variance or a waiver of the above-cited eligibility rule, to wit: that nonmedical reasons, such as the emotional and related behavioral and academic-performance problems which led to petitioners’ decision to withdraw their son from athletic competition in order that he could be tutored, stabilized and otherwise focus on academics, should serve as a basis for an eligibility extension.
Petitioners contend that the portion of the rule that states "or similar circumstances beyond the control of the student” grants discretion to provide such extension. A student’s level of academic performance is something within the control of the student as is most eloquently demonstrated by the very facts of this case. Here the student’s withdrawal from athletic competition did increase his academic performance. Emotional *683 problems requiring a need for a change of emphasis in the percentage of academic versus athletic concentration are not per se a "similar circumstance” to an "illness” and certainly bear no similarity to an "accident”. "Illness” and "accident” are not planned circumstances or events. However, a conscious motive to improve academic performance and level of maturity, which is attributed to petitioners by the director of health, physical education and athletics of the Manhasset Public Schools, is a planned circumstance.
Respondents point out that the choice as to withdrawing from competitive athletics was made voluntarily by the student and his parents and that the rules of the Commissioner of Education are designed to avoid unequal competition and in particular to avoid injuries to younger children. Three groups of New York State educators, namely, the Section VIII Appeals Committee, the Section VIII Executive Board and the Central Committee of the State Association, all found that the petitioners’ son did not meet the exception which would extend his eligibility.
Whether respondents’ action is arbitrary and capricious relates to whether or not the committees’ actions have a sound basis in reason and have a foundation in fact (Matter of Pell v Board of Educ., 34 NY2d 222, 231; Siegel, NY Prac § 561, at 785). The test is whether there is a rational basis for respondents’ actions (Matter of Pell v Board of Educ., supra, p 231; Matter of Colton v Berman, 21 NY2d 322, 329; see, Matter of Caso v New York State Public High School Athletic Assn., 78 AD2d 41).
Petitioners emphasize that the matter before this court is not merely a case of bad grades, but rather academic failure and the related maturity and behavioral problems in school due to a psychological and emotional disturbance that required a prolonged period of psychological counseling not only of the child, but of his parents during the tenth-grade year of the student.
Petitioners’ situation is, however, certainly not unique. Indeed, annexed to the petition is a letter from the division director of the Developmental Learning Program of the Education Assistance Center where petitioners’ child completed a year of tutoring. That letter (which was a part of the record before the Appeals Committee) states most clearly that "it is not uncommon for boys in particular to benefit from” the additional year of ninth grade and the additional support services of tenth grade to allow "maturational time”.
*684 In a similar matter which is reported in 21 Education Department Reports 192, 193 entitled Matter of Clowe, the Commissioner adhered to its prior determinations declaring that "[a] student who was not precluded from sports participation during his prior period of eligibility, but who chose not to participate during that time is not entitled to an extension of eligibility (Matter of Bd. of Ed., Island Trees UFSD and Buttiglione, 19 Ed Dept Rep 243 (1979)”. Indeed, as a result of academic problems, the subject student repeated the sophomore year and was classified as learning disabled as contrasted to petitioner’s son who was "not functioning up to his potential”. Yet, other than for his parent’s decision not to have him play, he was able to participate in high school athletics.
In another unreported matter (Coughlin v New York State Public High School Athletic Assn.), Justice Lockman on November 8, 1982 found against the petitioner therein who was likewise denied a fifth year eligibility because the decision to attend St. Pius, where interscholastic football was not offered, was within his control and that of his parents. The court found nothing capricious or arbitrary about the standard that was applied.
Accordingly, the court finds no basis for disturbing the ruling of the New York State Public High School Athletic Association, Inc. The action taken was neither arbitrary, capricious nor an abuse of discretion.
As to the claim that the petitioners were lulled into a false belief that their application would be granted, a review of the decision dated November 15, 1984 discloses no such indication. Specifically, the letter reads in relevant part: "The policy of the Appeals Committee is to render decisions on requests for extensions of eligibility only at the time a youngster has exhausted his/her four seasons of eligibility after entry into the ninth grade. We would consider a request for an extension at the time Dan has used his four seasons of eligibility.”
Clearly, no representation of any kind was made concerning petitioners’ son’s eligibility.