FOURTH DEPARTMENT, NOVEMBER, 1987

(November 10, 1987)

■ SECTION VI OF THE NEW YORK STATE PUBLIC HIGH SCHOOL ATHLETIC ASSOCIATION, INC., Appellant, v NEW YORK STATE PUBLIC HIGH SCHOOL ATHLETIC ASSOCIATION, INC., et al., Respondents.—Judgment unanimously reversed on the law with costs and petition granted. Memorandum: Section VI of the New York State Public High School Athletic Association, Inc. appeals from an order granting the motion of respondent Nichols School for summary judgment dismissing the CPLR article 78 petition of Section VI. We reverse and grant the petition.

New York State Public High School Athletic Association, Inc. (NYSPHSAA) is a not-for-profit corporation organized to provide a central association through which public secondary schools in New York may compete in interscholastic athletic activities. The corporation is administered by a central committee consisting of representatives from each of 11 geographic areas known as sections. Section VI is a not-for-profit corporation organized to provide a central association through which high schools in the geographic area encompassing Erie, Niagara, Orleans, Cattaraugus and Chautauqua Counties compete in interscholastic athletics. Section VI was created pursuant to the NYSPHSAA constitution, and by its own constitution is bound by the bylaws, rules, regulations and constitution adopted by NYSPHSAA.

Nonpublic schools may petition and be accepted for full membership in NYSPHSAA and its sections. A nonpublic school may also compete as an approved "Friend and Neighbor" school. The latter status, however, does not afford a nonpublic school either voting membership or the right to participate in postseason championship competition.

Nichols is a private school for grades 5 to 12, located in Buffalo. Having previously been authorized to compete in the Niagara Frontier League of Section VI as a "Friend and Neighbor" school, Nichols applied for full membership in

Section VI in May 1984. The Athletic Council of Section VI submitted the application to postcard balloting by the section's members. Thirty-three members voted in favor of the application, 51 members voted against the application, and 8 members did not vote. The Athletic Council recorded that the application was denied. Nichols appealed to the Executive Committee of NYSPHSAA which, by a vote of 13 to 6, directed the Athletic Council of Section VI to admit Nichols as a member of Section VI. This proceeding followed. Supreme Court determined that the Executive Committee of NYSPHSAA was authorized to hear the appeal from the denial of full membership to Nichols and that its "decision on the merits was not arbitrary and capricious and was not based upon an irrational or unreasonable interpretation of the applicable rules, by-laws and constitution." We disagree.

It is settled that "[t]he courts should not interfere with the internal affairs, proceedings, rules and orders of a high school athletic association unless there is evidence of acts which are arbitrary, capricious or an abuse of discretion" (Matter of Caso v New York State Pub. High School Athletic Assn., 78 AD2d 41, 48). At issue here is whether the Executive Committee of NYSPHSAA was authorized to hear the appeal of Nichols School, and if so, whether the Committee's decision on the merits was made in violation of the applicable constitutions, bylaws, rules and regulations so that the matter becomes subject to judicial scrutiny (see, Matter of Caso v New York State Pub. High School Athletic Assn., supra; Tedeschi v Wagner Coll., 49 NY2d 652; Matter of Olsson v Board of Higher Educ., 49 NY2d 408).

While the constitution of NYSPHSAA gives jurisdiction to the Executive Committee "in all appeals, protests and questions of eligibility" (art V, ¶ 2), no authority is found in that document authorizing an appeal from a determination made by vote of a section's member schools. We reject NYSPHSAA's argument that the authority derives from rule 28, which is contained in its official handbook. That rule, entitled "Appeal Procedure", provides: "An appeal from the decision of the Athletic Council may be taken to the N.Y.S.P.H.S.A.A., Inc. Executive Committee which shall review questions of fact and questions with respect to the rules and regulations of the N.Y.S.P.H.S.A.A., Inc. or any of its subdivisions in accordance with the provisions below; and shall have the power to affirm, reverse, or modify the decisions of the Athletic Council which decision shall be final."

We find rule 28 to be inapplicable. As will later appear

*(infra)*, the decision not to accept a nonpublic school into membership in a section is not a decision of the section's Athletic Council; it is a decision by vote of the member schools. The action of the Athletic Council in tabulating and recording that vote is purely ministerial. We thus conclude that there is no administrative appeal from the results of a vote by member schools denying membership to a nonpublic school. .

Were it necessary to proceed to the merits, we would hold in any event that the determination of the Executive Committee was irrational, arbitrary and capricious because it violates its own constitution as well as the constitution and bylaws of Section VI.

Membership in NYSPHSAA is a prerequisite to membership in a section. Paragraph 1 (f) of article II of the NYSPHSAA constitution provides: "Approved Friends and Neighbors schools may become members of the N.Y.S.P.H.S.A.A., Inc. by payment of the annual fee, *provided the member schools in any Section vote to authorize those schools making application for same.*" (Emphasis supplied.) Thus Nichols, as an approved friend and neighbor school, could not become a member of NYSPHSAA unless so authorized by member schools of Section VI. Nor could Nichols become a member of Section VI except upon a vote of the section's member schools. The procedure for admitting nonpublic schools to section membership is identified in the record only as an amendment to the Section VI constitution. The amendment provides: "The application [of a nonpublic school] will be discussed at the November meeting of the athletic council. The council will determine by a majority vote of council members if the application will be submitted to a postcard ballot of the member schools. A postcard ballot must be used for non-public school admittance to Section VI. The postcard ballot must be signed by the Chief School Officer, high school principal, and athletic director of each member school. A simple majority of the Section VI school membership will be required for approval i.e. 47 schools out of 93 schools."

It is thus clear that while the decision to permit membership vote on admitting a nonpublic school is one to be made by the Athletic Council, the actual membership decision rests with the member schools. A friend and neighbor school may only become a member of NYSPHSAA and of Section VI upon a majority vote of the section members. Thus, the Executive Committee of NYSPHSAA acted in excess of its authority when it overturned the decision of the voting members of

Section VI to deny membership in the section to Nichols School. (Appeal from judgment of Supreme Court, Erie County, Fudeman, J.—art 78.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.