*1000 OPINION OF THE COURT
Herbert Kramer, J.
In this CPLR article 78 proceeding, the infant petitioners, students at Newtown High School (Newtown) and members of its varsity soccer team, seek a judgment vacating that portion of a decision rendered by respondent John Ferrandino, Supervising Superintendent of the Division of High Schools for the New York City Board of Education, in a letter dated March 11, 1993, wherein during the 1994-1995 soccer season the Newtown High School boys soccer team will play the regular 12-game schedule as an unofficial team with the results of the matches not counted or included in the Public School Athletic League (PSAL) standings. The petitioners are also challenging the team’s exclusion from all post-season tournament play, i.e., play-off games, during this soccer season.
The relevant facts are not in dispute. The PSAL conducts and administers the interscholastic sports program for 116 high schools in New York City, involving 19 varsity sports for boys and 12 for girls. It operates under the supervision of the Division of High Schools for the New York City Board of Education and is governed by the constitution and bylaws of the High School Games Committee of PSAL and the PSAL rules and regulations.
On November 2, 1993, Thomas Hemans, director of the PSAL, sent a warning letter to John Ficalora, the principal of Newtown High School, which reads as follows:
"Dear Mr. Ficalora:
"Due to the recent outbreak of violence in the Boys Soccer program, the following action will be taken in order to provide for the maximum safety of the student-athletes and others involved * * *
"This is in regards to your playerjs] receiving [a] Red Card[s] for unsportsmanlike conduct in a boys soccer match. Please inform your coach and players that if there is any such future occurrence from any team member, your entire team will be withdrawn from any further competition in the PSAL Soccer program.”
Nine days later, on November 11, 1993, Newtown played a play-off game against Susan E. Wagner High School. In the second half of the game, a referee called a foul against one of *1001 Newtown’s players. A teammate, Alejandro Ballinas, questioned the referee’s call and allegedly cursed him, as a consequence of which the referee issued Ballinas first a yellow card (a warning) and then a red card (ejection from the game). Ballinas then allegedly spit in the referee’s face and the referee then slapped Ballinas in the face. This caused several players from the Newtown team who were sitting on the bench to come on to the playing field along with some spectators. During this melee, the referee was struck by a spectator. The players and spectators were finally removed from the field and the game was completed without further incident.
By letter dated November 16, 1993, addressed to the principal of Newtown, Hemans referred to and related the facts of this incident based upon his investigation thereof and issued the following penalties:
"1. Effective immediately, soccer official John Leavy will not be permitted to officiate or participate in any PSAL activities for a period of one year, after which time, he may apply to the PSAL for its consideration.
"This office cannot condone the striking of a student-athlete by any of its staff or authorities under any circumstances.
"2. The Newtown High School Boys 'A’ Soccer team will not be permitted to participate in the 1994-95 PSAL Boys 'A’ Soccer competition. This penalty is effected as per the following:
"a. There is strong evidence that both Newtown High School players on the field and Newtown players (who left the sideline area) were involved in the melee around soccer official John Leavy.
"Their actions contributed to the spectators leaving the stands to join in the melee. The result of all of these negative activities could have been even more catastrophic. Therefore, it is reasonable and just that the entire team be penalized for its outrageous and dangerous behavior.
"b. Attached is a copy of my November 2, 1993 letter to Principal John Ficalora, informing Mr. Ficalora of the penalty for any further display of unsportsmanlike conduct from any team member. The penalty as stated, is that, 'y°ur entire team will be withdrawn from any further competition in the PSAL Soccer program.’
"c. Effective immediately, student-athlete Alejandro Ballinas will not be permitted to participate in any other PSAL activities for the remainder of this school year. This incident *1002 started with the actions of student-athlete Alejandro Ballinas, who precipitated the entire matter, by performing in a threatening and abusive manner to soccer official John Leavy, thereby instigating his Newtown High School teammates and the spectators.”
The Newtown school officials appealed Hemans’ decision to Ferrandino and requested a formal hearing. Following a hearing held on December 9, 1993, Ferrandino modified Hemans’ decision by rescinding the soccer team’s suspension from participating in the soccer program during the 1994-1995 school year and instead permitted the team to participate as an unofficial team, playing 12 matches which, as the court has now been advised, constitutes the regular season complement of games. The results of the 12 matches will not be included in PSAL league standings. Ferrandino upheld the team’s exclusion from post-season play, as well as the one-year suspension of the referee and of Ballinas. This proceeding ensued on October 5, 1994.
Before considering the merits of the petition, to which the respondents have served an answer, there are two procedural motions before the court. Respondents have cross-moved to dismiss the proceeding on the ground of the Statute of Limitations, while petitioners have moved for leave to serve a late notice of claim. The motion and cross motion are each denied.
 While the Statute of Limitations for this article 78 proceeding is four months (see, CPLR 217), the court grants leave under that section for the petitioners, all of whom are under a disability because of infancy (CPLR 208), to timely commence this proceeding nunc pro tune as of October 5, 1994. As for petitioner’s request to serve a late notice of claim pursuant to section 50-e (5) of the General Municipal Law, no such notice is required in an article 78 proceeding (Matter of Caggiano v Frank, 78 Misc 2d 187, 189-190, affd 44 AD2d 828).
One other procedural matter needs to be discussed. Both sides have submitted memoranda of law in which they argue for and against the granting of a preliminary injunction enjoining the implementation of Ferrandino’s decision barring Newtown from playing in official regular season soccer games and post-season competition. Since the granting of this relief would constitute all of the relief requested in the petition, the court had advised the parties that it would determine the merits of the proceeding without the necessity of first deciding the preliminary injunction.
*1003 In turning to the merits, the proper starting point is He-mans’ letter to Newtown, dated November 2, 1993, which letter became the basis for the two administrative determinations herein, and whether Hemans, as the director of the PSAL, had the authority to issue the warning which, in effect, is the equivalent of a policy or rule, that the entire team would be withdrawn from any further competition in the PSAL soccer program if any team member in the future receives a red card for unsportsmanlike conduct in a soccer match. Article II on page 12 of the constitution and bylaws of the High School Games Committee of the PSAL (Committee) requires that any such policies be adopted by that body. There is no indication in any of the papers submitted that the Committee had approved the issuance of this letter to New-town and to 35 other high schools, or that it was adopted pursuant to some other governing authority.
Because the policy or rule promulgated in the letter was enacted without proper authority, Hemans was without jurisdiction to mete out any punishment pursuant to the letter (Section VI of N. Y. State Pub. High School Athletic Assn. v New York State Pub. High School Athletic Assn., 134 AD2d 819; Matter of Manico v South Colonie Cent. School Dist., 153 Misc 2d 1008, 1013-1014,1016).
Assuming arguendo that the policy/rule contained in Hemans’ letter was properly promulgated, the court nevertheless finds it to be invalid on the grounds that it was arbitrary and capricious, and discriminatorily imposed against New-town. The rule, by its very language, condemns the entire soccer team and all of its players, i.e., suspension from further competition, because of the conduct of only one player in receiving a red card. The issuance of a red card by a referee during the course of a soccer match is not uncommon, and could even result from inadvertent, unintentional conduct on the part of that one player. To thus penalize all of the rest of the players on the team by disqualifying the entire team from competing in the PSAL soccer program, as was done in this matter by Hemans, is arbitrary and capricious, as well as unfair to both the school and the soccer players.
In addition, papers before the court indicate that this rule has been discriminatorily imposed against Newtown and no other school (see, Matter of Friends Academy v Section VIII of N. Y. State Pub. High School Athletic Assn., 154 Misc 2d 1, 9-12) and that this rule has now been changed so that only the players who receive a red card will be suspended.
*1004 The two administrative decisions also suffer from the infirmity of having denied those persons most affected thereby, i.e., the members of the Newtown soccer team, of their minimal due process rights, including the right to be heard (Matter of Manico v South Colonie Cent. School Dist., supra, at 1012-1013; Matter of O’Connor v Board of Educ., 65 Misc 2d 40).
Hemans held no hearing prior to rendering his decision while the hearing conducted by Ferrandino on the administrative appeal did not include any of the soccer team players.
Finally, this court is of the opinion that the punishment imposed, initially by Hemans and then modified by Ferrandino, "is so disproportionate to the offense, in the light of all circumstances, as to be shocking to one’s sense of fairness” (Matter of Pell v Board of Educ., 34 NY2d 222, 233).
While the court shares the concern expressed by the respondents to reducing the incidents of violence at PSAL soccer games, a suspension of the whole team because of the actions of one or more players on the team is so deleterious to the other players that it may not stand as a proper punishment.
The modification/reversal of this penalty by Ferrandino, while laudatory, does not go far enough, since the team and its players are still being punished by being placed in an unofficial status for the current soccer season, where the games do not count in the league standings and where the team is barred from all post-season play. As the petitioners have pointed out in their own affirmations, the unofficial status of the team and its suspension from the playoffs may seriously jeopardize their future college chances by depriving them of the opportunity to be seen by college coaches and recruiters during play-off games and competing for athletic scholarships in soccer.
The college hopes of the members of the Newtown soccer team should not be compromised because of the singular actions of a member from last year’s team, who is no longer in the school.
The resulting melee also does not support the extreme penalty, as it can readily be concluded that it was caused by the actions of the referee’s hitting or slapping Ballinas.
Accordingly, the petition in this article 78 proceeding is granted and that portion of Ferrandino’s decision, dated March 11, 1994, which rendered the Newtown High School boys soccer team as an unofficial team for 1994-1995 season *1005 and which barred the team from post-season tournament play is hereby vacated nunc pro tune as of the commencement of this soccer season.
Hemans shall forthwith issue a letter or memorandum to each school who has already or will be playing Newtown this season advising the school of this decision and that their match with Newtown is to be counted as a regular league game in the standings.