■ In the Matter of BRUNO GERARD, Respondent, v SECTION III OF THE NEW YORK STATE PUBLIC HIGH SCHOOL ATHLETIC ASSOCIATION, INC., et al., Appellants, et al., Respondent. [620 NYS2d 670] —Judgment unanimously reversed on the law with-

out costs and petition dismissed. Memorandum: Supreme Court erred in annulling the determination of Section III of the New York State Public High School Athletic Association, Inc., and Section III Extended Eligibility Committee (respondents) that petitioner, a foreign student who had attended four years of secondary education in his native France, was not eligible to participate in interscholastic high school sports during the 1993-1994 school year.

The record establishes that petitioner entered his first year of "lycee" or secondary education in France, called "classe de seconde", in the 1989-1990 school year. He attended the second year of lycee, called "classe de premier" in the 1990-1991 school year. Petitioner repeated "classe de premier" in the 1991-1992 school year. He completed his final year of lycee, called "terminal", in the 1992-1993 school year. During the summer of 1993, petitioner participated in basketball camps in the United States. He moved to Mexico, New York, entered a 12th grade program at Mexico Central School District and applied to play basketball on that school's interscholastic varsity basketball team for the 1993-1994 school year. Respondents determined that, pursuant to 8 NYCRR 135.4 (c) (7) (ii) (b) (1), petitioner was not eligible to participate because he had four years of eligibility in his secondary school in France that was equivalent to four years after entry into the ninth grade. Respondents further determined that no exception to that rule was applicable that would permit an extension of petitioner's eligibility for the 1993-1994 school year.

Petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination of respondents and seeking injunctive relief. Supreme Court granted the petition and annulled the determination. We reverse.

Initially, we note that, although this proceeding relates to the eligibility of a student to participate on an interscholastic high school team for a school year that has already been concluded, the issue raised is not moot because it has public importance, relates to a concern of public interest, and is likely to recur (see, Matter of Caso v New York State Pub. High School Athletic Assn., 78 AD2d 41, 45). Additionally, we conclude that there is no merit to the contention of respondents that petitioner failed to exhaust his administrative remedies.

Turning to the merits of the appeal, it is well settled that "[t]he courts should not interfere with the internal affairs,

proceedings, rules and orders of a high school athletic association unless there is evidence of acts which are arbitrary, capricious or an abuse of discretion" *(Matter of Caso v New York State Pub. High School Athletic Assn., supra,* at 48). Whether the acts are arbitrary and capricious "relates to whether * * * the committees' actions have a sound basis in reason and have a foundation in fact *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; Siegel, NY Prac § 561, at 785). The test is whether there is a rational basis" *(Pratt v New York State Pub. High School Athletic Assn.,* 133 Misc 2d 679, 683).

The applicable rule of the Commissioner of Education states in pertinent part:

"Duration of Competition. A pupil shall be eligible for senior high school athletic competition in a sport during each of four consecutive seasons of such sport commencing with the pupil's entry into the ninth grade and prior to graduation, except as otherwise provided in this subclause * * *

"(i) If sufficient evidence is presented by the chief school officer to the section to show that the pupil's failure to enter competition during one or more seasons of a sport was caused by illness, accident, or similar circumstances beyond the control of the student, such pupil's eligibility shall be extended accordingly in that sport" (8 NYCRR 135.4 [c] [7] [ii] [b] [1]).

Here, the determination of respondents has a rational basis, is not arbitrary and capricious, and does not constitute an abuse of discretion. The record establishes that petitioner had four years of eligibility at the school he attended in France and petitioner proffered no evidence that would entitle him to an extension of eligibility for the 1993-1994 school year. (Appeal from Judgment of Supreme Court, Oswego County, Nicholson, J.—Article 78.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.