■■■ In the Matter of TERRENCE J. BROOKS, as Parent and Guardian of LORNE D. BROOKS, an Infant, et al., Respondents, v SECTION V OF NEW YORK STATE PUBLIC HIGH SCHOOL ATHLETIC ASSOCIATION, INC., et al., Appellants. [752 NYS2d 468] —Appeal from a judgment (denominated order) of Supreme Court, Monroe County (Fisher, J.), entered October 11, 2001, which granted the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Rule 29 of the New York State Public High School Athletic Association, Inc. (NYSPHSAA) provides that a student who transfers from one high school to another "without a corresponding change in residence of his * * * parents * * * is ineligible to participate in any interscholastic athletic contest in a particular sport for a period of one (1) year if the student participated in that sport during the one (1) year period immediately preceding his * * * transfer," with limited exceptions. Section V of NYSPHSAA and NYSPHSAA appeal from a judgment (denominated order) of Supreme Court that, inter alia, determined that Rule 29 is invalid. The court also determined that two students, petitioner Justin Allen and the son of petitioner Terrence J. Brooks, were eligible for football competition in the fall 2001 season.

We hold initially that, although the school year during which petitioners played football at the high school has passed, this appeal is not moot because the issue raised has "public importance, relates to a concern of public interest, and is likely to recur" (*Matter of Gerard v Section III of New York State Pub. High School Athletic Assn.,* 210 AD2d 938, 939).

Turning to the merits of the appeal, we reject the court's determination that Rule 29 is invalid. The Rule was properly promulgated by NYSPHSAA pursuant to its Constitution and by authority delegated to it through the regulations of the Commissioner of Education, as an "additional rule[ ]" consistent with the basic code for "extraclass" athletic activities as may be adopted by boards of education relating to items not covered specifically in the code (8 NYCRR 135.4 [c] [7] [i] [a]; *see generally Section VI of N.Y. State Pub. High School Athletic Assn.,* v *New York State Pub. High School Athletic Assn.* 134 AD2d 819). We note that, in the final decision issued by NYSPHSAA's Appeal Panel, the Panel applied a version of the rule permitting waivers of ineligibility for interscholastic sports competition due to transfers on a showing of "undue hardship." We therefore do not reach the issue raised in the court below that Section V's revised version of Rule 29, which omits the possibility of a hardship waiver, is arbitrary or capricious. Present—Pigott, Jr., P.J., Green Hayes, Scudder and Lawton, JJ. [*See* 189 Misc 2d 624.]