■ SUBURBAN SCHOLASTIC COUNCIL, Appellant, v SECTION 2 OF NEW YORK STATE PUBLIC HIGH SCHOOL ATHLETIC ASSOCIATION, INC., et al., Respondents. [803 NYS2d 270]—

Mugglin, J. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered October 28, 2004 in Albany County, which, inter alia, granted a cross motion by defendant Section 2 of the New York State Public High School Athletic Association, Inc. for summary judgment dismissing the complaint.

The New York State Public High School Athletic Association,

Inc. (hereinafter NYSPHSAA) is a not-for-profit corporation organized to provide a central association through which secondary schools in New York may compete in interscholastic athletic activities. NYSPHSAA is divided into 11 geographic areas, known as "sections." Defendant Section 2 of the NYSPHSAA (hereinafter defendant), one of the 11 sections, is also a not-for-profit corporation organized to provide a central association through which high schools in the Capital District area compete in interscholastic athletics. Defendant was created pursuant to the NYSPHSAA constitution and is bound by the constitution, bylaws, rules and regulations adopted by NYSPHSAA. Plaintiff is a league, consisting of 12 high schools, which is a member of defendant and bound by the constitution, bylaws, rules and regulations adopted by both NYSPHSAA and defendant.

After a comprehensive study lasting nearly one year, defendant adopted classification play to govern regular season football games among its member schools. Classification divides the schools into five classes (AA, A, B, C and D) based solely on the number of students enrolled, and games are scheduled, to the extent possible, among schools of similar size, rather than on the basis of prior league alignment. Plaintiff, one of three leagues in defendant that opposed classification play, brought this action for a judgment declaring that defendant disregarded its constitution and that of NYSPHSAA and, therefore, its adoption of classification play was arbitrary and capricious. Plaintiff moved and defendant cross-moved for summary judgment. Supreme Court found that plaintiff had standing to bring the action, but denied its motion for summary judgment. It then granted defendant's cross motion for summary judgment, finding defendant's actions neither arbitrary nor capricious. Plaintiff appeals.

Supreme Court could have dismissed this action for failure to join a necessary party and because plaintiff did not exhaust its administrative remedies. As the complaint asserts that classification play violates the constitution of NYSPHSAA, it was a necessary party to the action and should have been afforded an opportunity to defend against plaintiff's claim (see CPLR 1003). Moreover, the constitution and bylaws of NYSPHSAA provide for an appellate process from a determination of a section's athletic council and plaintiff did not pursue this administrative remedy before instituting this action. Instead, Supreme Court addressed the substantive issue of whether defendant's vote for classification play was arbitrary and capricious because it was unsupported by and in violation of the constitution, bylaws,

rules and regulations of NYSPHSAA and defendant. In the interest of judicial economy, we reach the same issue and affirm.

The parties agree that "[t]he courts should not interfere with the internal affairs, proceedings, rules and orders of a high school athletic association unless there is evidence of acts which are arbitrary, capricious or an abuse of discretion" (*Matter of Gerard v Section III of N.Y. State Pub. High School Athletic Assn.*, 210 AD2d 938, 939-940 [1994]). This determination rests on whether the athletic association's actions "have a sound basis in reason" and a "foundation in fact" (*id.* at 940). In addition, there must be some rational basis for the action taken (*see Matter of Caso v New York State Pub. High School Athletic Assn.*, 78 AD2d 41, 48 [1980]). Plaintiff's major premise is that since neither the constitution of NYSPHSAA nor the constitution, bylaws, rules and regulations of defendant contain any language allowing classification play in football, that any action taken to permit this must be arbitrary and capricious. Plaintiff's argument lacks merit. Classification play is not prohibited by any of these documents. Not-for-profit corporations, such as defendant, are given statutory authority to exercise all powers necessary to affect their purposes and this power may be curtailed only if restricted by another statute or its own certificate of incorporation or bylaws (*see* N-PCL 202 [a] [16]; *Matter of Central N.Y. Bridge Assn. v American Contract Bridge League, Inc.*, 72 Misc 2d 271 [1972]). Thus, the presumption is not, as plaintiff argues, that the lack of specific authorization in the documents prohibits corporate action. The presumption is that unless there is a specific prohibition in the documents or another statute, the corporation can act in any appropriate way in pursuit of its purposes. Significantly, NYSPHSAA interprets its own constitution to permit classification play, which occurs in many other sections in the state. This determination is accorded great deference (*see Matter of Lippman v Public Empl. Relations Bd.*, 263 AD2d 891, 892 [1999]). As plaintiff does not claim that the action of defendant was arbitrary and capricious for any other reasons, we affirm.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.