# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**641**

**CA 13-02223**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF JUAN CARLOS PENA,
PETITIONER-RESPONDENT,

V                                                     MEMORANDUM AND ORDER

NEW YORK STATE PUBLIC HIGH SCHOOL ATHLETIC
ASSOCIATION, INC., RESPONDENT-APPELLANT,
AND SECTION III OF THE NEW YORK STATE PUBLIC
HIGH SCHOOL ATHLETIC ASSOCIATION, INC.,
RESPONDENT.

---

RENEE L. JAMES, JAMESVILLE, FOR RESPONDENT-APPELLANT.

-------------------------------------------------------------------------------------------------------------

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Onondaga County (James P. Murphy, J.), entered March 25, 2013 in a CPLR article 78 proceeding. The judgment granted the amended petition.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the amended petition is dismissed.

Memorandum: Respondent New York State Public High School Athletic Association, Inc. (Association) appeals from a judgment granting the amended petition seeking to annul the determination denying petitioner's application to extend his eligibility for athletic competition pursuant to 8 NYCRR 135.4 (c) (7) (ii) (b) (1). We conclude that Supreme Court erred in granting the amended petition. We note at the outset that this appeal is not moot despite the fact that petitioner has graduated and the school year for which he sought extended eligibility has passed, because the issue raised "has public importance, relates to a concern of public interest, and is likely to recur" (*Matter of Gerard v Section III of N.Y. State Pub. High Sch. Athletic Assn.*, 210 AD2d 938, 939).

"[I]t is well settled that '[t]he courts should not interfere with the internal affairs, proceedings, rules and orders of a high school athletic association unless there is evidence of acts which are arbitrary, capricious or an abuse of discretion' . . . Whether the acts are arbitrary and capricious 'relates to whether . . . the committees' actions have a sound basis in reason and have a foundation in fact . . . The test is whether there is a rational basis' " (*id.* at 939-940). We agree with the Association that the determination was not arbitrary, capricious, or an abuse of discretion. The record

establishes that there is a rational basis for the determination denying petitioner's application for extended eligibility, inasmuch as petitioner failed to proffer sufficient evidence that he was precluded from participating in sports due to "illness, accident, or similar circumstances beyond [his] control" (8 NYCRR 135.4 [c] [7] [ii] [b] [1] [i]; *see Pratt v New York State Pub. High Sch. Athletic Assn.*, 133 Misc 2d 679, 682-684).

Entered:  June 20, 2014                          Frances E. Cafarell
                                                 Clerk of the Court